**In re Ralph G. RICHARDS, Debtor.**

**Mary Lynne DUET, formerly known as Mary Lynne Richards and Park, Bugg, Rodnite and Ossian, P.A., Plaintiffs,**

**v.**

**Ralph G. RICHARDS, Defendant.**

**Bankruptcy No. 96–7272–8P7.**
**Adv. No. 96–869.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 13, 1997.

H. Michael Evans, Clearwater, FL, for Plaintiff.

Jay B. Verona, St. Petersburg, FL, for Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 7 liquidation case is a challenge to the dischargeability of a debt owed by Ralph G. Richards (Debtor), to Mary Lynne Duet, f/k/a Mary Lynne Richards and Park, Bugg, Rodnite and Ossian, P.A. (Plaintiffs).

The Complaint filed by the Plaintiffs consists of two counts. The claim of nondischargeability in Count I is based on the allegation that the debt owed by the Debtor, i.e., a student loan, attorney's fees and the obligation to maintain life insurance, are in the nature of alimony, maintenance or support, and, therefore, nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

The claim of nondischargeability in Count II is based on the contention, in the alternative, that in the event this Court determines that the amount due on the student loan, attorney's fees and the obligation to maintain life insurance are not in the nature of alimony, maintenance or support, nevertheless, these obligations of the Debtor as well as the debt owed by the Debtor to First of America Bank, are nondischargeable pursuant to § 523(a)(15)(A) and (B) of the Bankruptcy Code.

The Plaintiff seeks a judgment determining that the debts described in the Complaint are excepted from the overall protection of the general bankruptcy discharge. The facts relevant to the resolution of the issues raised in the Complaint as established at the final evidentiary hearing can be briefly summarized as follows.

The Plaintiff, Mary Lynne Duet, is the former wife of Ralph G. Richards, the Debtor. The parties were married on November 22, 1978. There are no children from this marriage. During the marriage, the Debtor was, and still is, employed as an insurance agent by an insurance company and is compensated on a commission basis. The Plaintiff who is an attorney, had two previous marriages and has no children from either marriage. The Debtor, at this time, is married to Lorraine M. Wolfe Richards who has three minor children from a previous marriage. Lorraine Richards is currently employed as a specialist teacher by the Hillsborough County School Board.

The marriage of the Debtor and the Plaintiff was dissolved by the entry of a Final Decree of Dissolution of Marriage on July 20, 1992 (Plaintiff's Exh. 1). The Final Decree, in addition to dissolving the marriage, required the Debtor to maintain a life insurance policy issued by the Debtor's employer, Union National Life Insurance Company, owned by the parties and awarded to the Plaintiff. The court ordered the Debtor-husband to make the Plaintiff-wife the beneficiary of a life insurance policy or policies on his life to secure the payment of the obligation owed to HEMAR, to pay the premiums due thereon, and to not encumber the same. The Final Decree also provided that the Debtor shall be responsible and hold the Plaintiff harmless regarding an obligation owed by the Plaintiff to HEMAR, a student loan in the amount of $19,300; the balance of the Mastercard, $2,100.00; a mortgage obligation on the former-marital home in the amount of $63,700; and an obligation owed to Visa in the amount of $2,200.00. The Final Decree also provided that each party shall pay his or her own attorney's fees and court costs.

According to the budget submitted by the Debtor and his current wife, their combined monthly income is $3,615.73 and their combined monthly expenses are $4,434.99, indicating a monthly shortfall of $819.26 (Defendant's Exh. 1). According to the budget submitted by the Debtor, the expenses of the current household includes an item of charitable contributions of $200.00 a month; baseball league for the current wife's children in the amount of $10.00 a month; and allowances for current wife's children of $43.33. In this connection, it should be noted that the present wife's children have not been adopted by the Debtor and the wife is receiving child support as income, although she claims erratically, in the amount of $333.00 per month. The Wolfe children are Adam R., Donald L., and Anna M., ages 16, 14 and 11, respectively.

The child support awarded to the present wife of the Debtor was originally fixed at $444.00 (Defendant's Exh. 4) but it is without dispute that it is now reduced to $333.00 by an amended order entered on March 21, 1996 (Defendant's Exh. 6).

The certified public accountant retained by the Plaintiff, having reviewed the financial records of the Debtor, concluded that the Debtor's income was understated and, in fact, the combined income of the current household is $44,824.80 per year, or $3,735.40 per month.

These are the relevant facts established at the final evidentiary hearing. What this Court is called upon to consider is whether or not the obligations imposed on the Debtor by the Final Decree dissolving the marriage are, in fact, in the nature of alimony and support thus non-dischargeable by virtue of § 523(a)(5) of the Bankruptcy Code. If the answer to the question is in the negative, then this Court must consider whether or not these obligations are excepted from the overall protection of the general bankruptcy discharge by virtue of § 523(a)(15)(A) and (B).

The Final Decree dissolving the marriage of the parties did not award any alimony or support to the wife but basically made a distribution of properties and allocated joint obligations incurred during the marriage. It is true that notwithstanding an absence of any reference to alimony or support, this Court still must consider all the facts and circumstances in determining whether or not the obligations imposed on the Debtor are, in fact, in the nature of alimony and support. This record does not warrant a conclusion that the obligation imposed on the Debtor, in this instance, is in the nature of maintenance or support, and, therefore, this Court is satisfied that the obligations are not excepted from the discharge by virtue of § 523(a)(5).

This leads to the next question, the alternative relief sought which is a declaration that the Debtor's obligation to the Plaintiffs shall be excepted from the discharge based on § 523(a)(15)(A) and (B) which provides:

## § 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228( ), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

This amendment was added by Congress in 1994 and there are very few cases interpreting the same. This Court is satisfied, however, that the plain language of the amendment leaves no doubt that it was intended to deal with obligations incurred by marriage for which each spouse was legally responsible—obligations which were imposed on the debtor to pay in connection with a divorce decree. Subclause (A) provides that this debt is only dischargeable if a Court finds that the debtor does not have the ability to pay the debt from income or property which is not reasonable or necessary to be expended for maintenance or support of the debtor or a dependent of the debtor.

Considering the revised income picture of this Debtor, coupled with the fact that he has no minor dependents although there are expense items in the budget supporting those children, this Court is satisfied that this record is more than ample to warrant the conclusion that the Debtor has sufficient ability

to live up to these obligations and pay the same.

In light of the foregoing, it is unnecessary to consider whether or not these obligations are also excepted from the discharge under Subclause (B) which requires the balancing of the benefit to the debtor against the detrimental consequences to the former spouse. A separate Final Judgement will be entered in accordance with the foregoing.