**In re Edwin MOBLEY, Debtor.**

**Jed Berman, Plaintiff,**

**v.**

**Edwin Mobley, Defendant.**

**Bankruptcy No. 97–10130–6B7.**
**Adversary No. 98–00061.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 18, 1998.

Ed Mobley, Altamonte Springs, FL, pro se.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on Plaintiff's, Jed Berman, Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(5). Appearing before the Court were Jed Berman, pro se Plaintiff; and Edwin Mobley, pro se Defendant. After reviewing the pleadings, evidence, exhibits, and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Debtor, Edwin Mobley ("Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 8, 1997.

A final judgment of dissolution of the marriage of Debtor and his former spouse, Pamela Mobley, was entered on August 7, 1997 in the Circuit Court of the Eighteenth Circuit in Seminole County, Florida. The state court awarded custody of the minor children to Debtor and awarded child support payments to Debtor from his former spouse in the amount of $250.00 per month.

Plaintiff, Jed Berman ("Berman"), represented Mrs. Mobley in the dissolution proceedings, and in subsequent proceedings to determine equitable distribution of marital assets, resulting in attorney fees in an amount in excess of $10,000.00. The state court ruled, on December 15, 1997, the Debtor was obligated to pay $4,000.00 of the attorney fees owed by Mrs. Mobley to Berman, on the basis of Debtor's ability to pay versus the relative need of his former spouse.

Berman initiated this adversary proceeding seeking to except from the bankruptcy discharge, pursuant to 11 U.S.C. § 523(a)(5), attorney fees incurred as a

Jed Berman, Winter Park, FL, pro se.

support obligation. The attorney fees assessed against Debtor are in the nature of support and are nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

## CONCLUSIONS OF LAW

The issue to be determined is whether the attorney fees incurred by Debtor's former spouse are in the nature of support, thereby making them nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

Section 523(a)(5) of the Bankruptcy Code excepts from discharge "any debt to a . . . former spouse, or child of the debtor, for . . . support of such spouse or child, in connection with a . . . divorce decree or other order of a court of record. . . ." The mere designation of a debt as "support" is not determinative. 11 U.S.C. § 523(a)(5)(B). The liability actually must be in the nature of support. 11 U.S.C. § 523(a)(5)(B).

To except a debt from discharge pursuant to § 523(a), a preponderance of the evidence standard applies. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). Exceptions to discharge are to be construed strictly in favor of the Debtor. *See e.g., First USA Bank v. Hunter (In re Hunter)*, 210 B.R. 212, 214 (Bankr.M.D.Fla.1997).

An award of attorney fees arising from a post-dissolution custody action constitutes support for the former spouse under 11 U.S.C. § 523(a)(5) where the award is based on the debtor's ability to pay. *Strickland v. Shannon*, 90 F.3d 444, 447 (11th Cir.1996). Although state law does not control in determining whether an obligation is support, it does provide guidance. *Id.* at 446. Limited to its proper role, the bankruptcy court will not duplicate the functions of state domestic relations courts, and its rulings will impinge on state domestic relations issues in the most limited manner possible. *Harrell v. Sharp*, 754 F.2d 902, 907 (11th Cir.1985).

The state court awarded Debtor custody of the minor children and child support payments from his former spouse in the amount of $250.00 per month. The state court did not require Debtor to make support payments either in the form of spousal or child support payments. However, the award of attorney fees was based upon the fact that Debtor was in a superior financial position to that of his former spouse. Debtor had a greater ability to pay the attorney fees in relation to the relative need of his former spouse. Therefore, the award of attorney fees was in the nature of support.

Berman's complaint seeking to except from discharge the award of attorney fees pursuant to 11 U.S.C. § 523(a)(5) is due to be granted. Debtor's obligation on the attorney fees is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) based upon the nature of support inherent in the state court award.