In re Thomas D. PEARCE, Marguerita A. Pearce, Debtors.

Bankruptcy No. 98–41276.

United States Bankruptcy Court, S.D. Illinois.

March 2, 2000.

Michelle Vieira, Carbondale, IL, for plaintiff.

Charles D. Taylor, Harrisburg, IL, for defendant.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

In her final report, the Chapter 7 trustee objected to three claims filed as priority unsecured claims. All three claims involve obligations of the debtor, Thomas Pearce, arising from a marital dissolution action with his ex-wife, Sheryl Pearce. Two of the claims are for an unpaid plumbing bill owed to Howton Plumbing & Heating, Inc. ("Howton Plumbing"), which the debtor failed to pay pursuant to the dissolution judgment and for which Sheryl Pearce is jointly responsible. The third claim is for an amount owed to Sheryl Pearce as reimbursement for a tax obligation paid by her and also includes an amount designated as a "compensatory payment."

Both Sheryl Pearce and Howton Plumbing assert that their claims are entitled to priority status under § 507(a)(7), which provides priority payment for claims to a former spouse or child for alimony, maintenance, or support.[1] The trustee disagrees, arguing that § 507(a)(7) does not grant priority status to the claims at issue and that they should be classified and paid as general unsecured claims.

The facts are not in dispute. On February 26, 1998, the state court entered a judgment of dissolution of marriage, which incorporated a marital settlement agreement of the parties, Thomas and Sheryl

---

1. Section 507(a)(7) provides seventh priority payment for:

 allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record[.]

 11 U.S.C. § 507(a)(7).

Pearce. The judgment contained a waiver of maintenance by both parties (par. A)[2] and, additionally, awarded child support to Sheryl Pearce for care of the parties' daughter (par. D).

Paragraph K of the judgment set forth a division of the parties' debts. In particular, the debtor was ordered to "assume and be responsible for" a debt owed to Howton Plumbing in the amount of $1,375.00 (subpar. K.i.). Further, the debtor was ordered to pay one-half of the 1996 real estate taxes on the former marital home (subpar. K.iv.). Because Sheryl Pearce had already paid the real estate taxes, the debtor was ordered to reimburse her in the net amount of $255.14 for his portion of the taxes.[3] Finally, paragraph L of the judgment, captioned "compensatory payment," provided that the debtor "shall pay to [Sheryl Pearce] within twelve (12) months of the entry of [the judgment] the sum of One Thousand Dollars ($1,000.00) compensatory payment" (par. L).

On September 15, 1998, the debtor and his present wife filed a Chapter 7 bankruptcy petition. In his schedule F listing general unsecured claims, the debtor included an amount of $390.77 owed to Sheryl Pearce for "open debt—taxes reimbursement." The debtor also listed $1000.00 owed to Sheryl Pearce for "alleged compensatory payment." (Sched. F, Items # 23 and 24). The debtor further listed the debt owed to Howton

Plumbing in the amount of $1,375.00. (Sched. F., Item # 13)

Sheryl Pearce filed a dischargeability action against the debtor, requesting a determination that the sum of $1,390.77 owed to Sheryl Pearce pursuant to the dissolution judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(5) or, alternatively, § 523(a)(15).[4] The debtor failed to respond, and the Court entered a default judgment against the debtor, ordering that "the debt of Thomas D. Pearce to Sheryl L. Pearce, as set forth in plaintiff's complaint, is hereby declared to be nondischargeable." (Order of Default Judg., entered Dec. 21, 1998).

Howton Plumbing also filed a dischargeability action, seeking a determination that the debtor's obligation to Howton Plumbing in the amount of $1,375.00 be excepted from discharge. The complaint alleged that in August 1996, Kerr McGee Coal Company hired Howton Plumbing to do work on the debtor's property and gave the debtor $1,375.00 to pay Howton Plumbing's bill, but the debtor used these funds for his own purposes. The debtor and Howton Plumbing subsequently entered into an agreed order on the complaint, in which judgment was awarded to Howton Plumbing for $1,375.00 plus court costs, for a total amount of $1,525.00.[5]

Howton Plumbing filed a claim in the debtors' bankruptcy case for the amount of the unpaid bill, alleging that it should be paid as a priority claim under § 507(a)(7)

---

2. Paragraph A of the judgment stated:
 Any right, claim, demand or interest of the parties in and to maintenance for themselves, whether past, present or future, and in and to the property of the other, ..., except as may be expressly set forth herein, is forever waived, barred and terminated. Judg. for Diss. of Marr., Ex. to Amended Proof of Claim # 14, p. 3, par. A.

3. This amount was the difference between one-half of the 1996 real estate taxes, which Sheryl Pearce had paid, and 40.1% of the parties' 1996 income tax, which the debtor had paid and for which Sheryl Pearce was ordered to reimburse him (subpars. K.iii., iv.).

4. Section 523(a)(5) excepts from discharge any debt owing "to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of [such individual]." 11 U.S.C. § 523(a)(5). Section 523(a)(15) excepts from discharge certain non-support or property division debts owed pursuant to a divorce decree. 11 U.S.C. § 523(a)(15).

5. Although the agreed order did not specifically state that the debt was nondischargeable, the Court assumes that since the action was brought as a dischargeability action, the parties intended the debt to be nondischargeable.

"due to a Marital Settlement Agreement filed in the Dissolution of Marriage of [Sheryl and Thomas] Pearce" (claim # 13).[6] Sheryl Pearce likewise filed a priority claim for the amount of the bill to Howton Plumbing (claim # 15). Both Howton Plumbing and Sheryl Pearce maintain that this debt is entitled to payment as a priority claim because if it is not paid, then Sheryl Pearce is responsible for the debt, contrary to the provisions of the dissolution judgment.

Sheryl Pearce additionally filed a claim for $1,645.31, asserting that this amount is entitled to priority payment under § 507(a)(7) (claim # 14). Again, Sheryl Pearce's claim is based on the dissolution judgment in which the debtor was ordered to reimburse her for the tax obligation paid by her and to make a $1,000.00 compensatory payment.[7]

The trustee, initially, objects to claims # 13 and # 15 filed by Howton Plumbing and Sheryl Pearce for the unpaid plumbing bill. The trustee argues that § 507(a)(7), by its terms, refers to debts owed to "a spouse, former spouse, or child of the debtor" and cannot be applied to extend priority status to the claims of third-party creditors such as Howton Plumbing.

Howton Plumbing and Sheryl Pearce, while acknowledging the lack of Seventh Circuit precedent on the question of whether a debtor's obligation to pay third-party debts pursuant to a dissolution judgment constitutes a debt entitled to priority under § 507(a)(7), assert that the debt to Howton Plumbing should be paid as priority even though it is owed to a third party and not directly to the ex-spouse of the debtor. As authority, they rely on a decision from the Tenth Circuit, in which the court held that debts payable to third-party creditors were entitled to priority payment under § 507(a)(7) because such debts were in the nature of "support." *See In re Dewey,* 223 B.R. 559 (10th Cir. BAP 1998), *aff'd* No. 98–8082, 1999 WL 1136744 (10th Cir. Dec. 13, 1999). In so ruling, the *Dewey* court reasoned that the definition of "support" applicable in § 523(a)(5) cases is equally applicable in § 507(a)(7) cases. *See* 223 B.R. 559, 564–65. Accordingly, the court looked to prior case law relating to the dischargeability of support debts and found, under the facts presented, that the debts in question qualified as "support" and were entitled to priority payment under § 507(a)(7). *Id.* at 565–66.

 This Court agrees with the reasoning of *Dewey* that, given the similarity of language and purpose of § 507(a)(7) and § 523(a)(5), the definition of "support" developed under § 523(a)(5) should have equal effect under § 507(a)(7). *See Dewey,* 223 B.R. at 564. Section 507(a)(7) was added as part of the Bankruptcy Reform Act of 1994 to provide additional protection to spouses, former spouses, and children of persons who file bankruptcy. Prior to that time, claims for alimony, maintenance, and support, while not dischargeable, were not entitled to priority treatment. *See* 4 *Collier on Bankruptcy,* ¶ 507.09, at 507–52 (15th ed. rev.1999). The language of § 507(a)(7) parallels that of § 523(a)(5), providing priority payment for debts to a spouse, former spouse, or child of the debtor in connection with a separation or divorce proceeding so long as such debts are "actually in the nature of alimony, maintenance, or support." 11 U.S.C.

---

**6.** Claim # 13 amends claim # 6 filed by Howton Plumbing as a general unsecured claim in the amount of $1,375.00.

**7.** Claim # 14 amends claim # 7, which was filed by Sheryl Pearce as a priority claim in the amount of $1,390.17. It appears that the amount of the amended claim contains a duplication of the amount of tax reimbursement owed to Sheryl Pearce. Specifically, claim # 14 is described as including a tax reimbursement of $390.17 and a compensation payment of $1,000.00, as well as $255.14 awarded to Sheryl Pearce in the dissolution judgment as reimbursement for "one-half the real estate taxes [paid by her]." (See claim # 14, pars. 3, 4).

§ 507(a)(7).[8] As a result, case law interpreting § 523(a)(5) constitutes guiding precedent in construing § 507(a)(7) and aids in determining the extent to which particular types of claims fit within its statutory language. *Id.*, ¶ 507[1], at 507–53; *see In re Polishuk*, 243 B.R. 408, 416 (Bankr. N.D.Okla.1999); *In re Grady*, 180 B.R. 461, 464 (Bankr.E.D.Va.1995).

██ Case law in the Seventh Circuit interpreting § 523(a)(5) establishes that a debtor's obligation to pay third-party debts pursuant to a divorce decree may, under appropriate facts, constitute an obligation "in the nature of support" so as to be nondischargeable under § 523(a)(5). *See Matter of Coil*, 680 F.2d 1170, 1172 (7th Cir.1982); *Matter of Maitlen*, 658 F.2d 466, 467 (7th Cir.1981);[9] *see, e.g., In re Haas*, 129 B.R. 531, 537 (Bankr.N.D.Ill. 1989). In such cases, it is not the identity of the payee but the nature of the debt as "support" that is determinative. By the same token, a debtor's obligation to pay marital debts may qualify as priority under § 507(a)(7) even though the debts are payable to a third party and not directly to the debtor's ex-spouse or child. The crucial consideration in either instance is whether, under the facts of a particular case, the obligation to satisfy such debts may be said to constitute "support."

██ Characterization of a debtor's obligation to pay marital debts as either a "support" obligation or an equalization of property rights depends on the parties'

intent at the time of dissolution. *See In re Woods*, 561 F.2d 27, 29 (7th Cir.1977); *In re Paneras*, 195 B.R. 395, 402 (Bankr. N.D.Ill.1996); *In re Slingerland*, 87 B.R. 981, 984 (Bankr.S.D.Ill.1988). Divining such intent is a difficult matter at best, and a court will make its determination based on the parties' testimony, if any, as well as all relevant pleadings. Most importantly, the court will look to the dissolution judgment itself, paying special attention to the language used and to the placement of the obligation at issue, whether among property or support provisions.

██ In the present case, no testimony was presented as to the parties' intentions concerning the debtor's obligation to pay the plumbing bill to Howton Plumbing. While counsel for Howton Plumbing and Sheryl Pearce asserted that the debtor's failure to pay this bill would result in Sheryl Pearce being responsible for its payment, this fact alone is insufficient to render the debtor's obligation to pay the plumbing bill a support obligation.[10] The determination of whether a debt-payment provision in a divorce decree is support or property division depends, not on the state of affairs that might eventually result following the divorce, but on the parties' intent at the time the marital debts were apportioned between the parties.

██ Here, the best indication of the parties' intent is the settlement agreement entered into by them for purposes of their

---

**8.** Section 523(a)(5), likewise, excepts from discharge a debt to a spouse, former spouse, or child of the debtor in connection with a separation or divorce proceeding, but only if such debt "is actually in the nature of alimony, maintenance, or support."

**9.** In *Coil*, the court held that the debtor-husband's obligation to pay outstanding marital debts and hold his ex-wife harmless for those debts was nondischargeable as support, where the ex-wife testified that she agreed to a lower support payment because of the debtor-husband's assumption of responsibility for the marital debts. *See* 680 F.2d at 1171. Similarly, the court held in *Maitlen* that the

debtor-husband's obligation to make mortgage payments on the former marital residence, where his ex-wife and child continued to reside, was nondischargeable as providing for their support. *See* 658 F.2d at 468.

**10.** The Court notes that the dischargeability action filed by Howton Plumbing against the debtor was based, not on the debtor's obligation to pay the bill as a support obligation rendered nondischargeable under § 523(a)(5), but on the debtor's wrongful conduct in failing to pay Howton Plumbing the amount of $1,375.00 given to him for that purpose by Kerr McGee.

dissolution action. The judgment incorporating the parties' agreement contains a waiver of alimony or maintenance by both parties and provides only for child support payments for the parties' daughter.[11] The provision for the payment of marital debts is completely separate from the custody and child support provisions and follows several paragraphs in which the parties' property is divided. Specifically, the judgment contains no language showing that Sheryl Pearce's waiver of maintenance was dependent on the debtor's obligation to pay the debts apportioned to him, including the Howton Plumbing bill.[12]

Given the complete lack of evidence to the contrary, the Court finds that the debtor's obligation to pay the Howton Plumbing bill was in the nature of a division of property and not an obligation of support. As such, the claims of Howton Plumbing and Sheryl Pearce based on this obligation are not entitled to priority payment under § 507(a)(7). Accordingly, the trustee's objection to the priority status of claims # 13 and # 15 will be sustained.

The trustee additionally objects to claim # 14 filed by Sheryl Pearce seeking priority payment of the debtor's obligation to reimburse her for a portion of the parties' taxes and to make a $1,000.00 "compensatory payment." As before, the trustee asserts that these obligations are in the nature of a property division and do not constitute support payments entitled to priority under § 507(a)(7).

▆▆▆ With regard to the portion of claim # 14 relating to the debtor's obligation to reimburse Sheryl Pearce for tax-

es, the Court again finds, based on the placement of this obligation in the property division portion of the dissolution judgment and on the lack of any evidence to the contrary, that the debtor's tax reimbursement obligation was in the nature of a property division and did not constitute support. The Court notes that this debt is not subject to the debtor's discharge, given the judgment of nondischargeability obtained by Sheryl Pearce.[13] It does not follow, however, that the debt is entitled to priority payment under § 507(a)(7). Congress, in enacting § 507(a)(7), made a policy decision to provide additional protection to the debtor's family members. However, this protection extends only to support obligations owed to such family members and not to property division obligations, even though the latter obligations may be excepted from the debtor's discharge under § 523(a)(15).

▆▆▆ Although the Court finds the tax reimbursement portion of claim # 14 to constitute a division of property, the portion relating to the $1,000.00 compensatory payment is a different matter. At hearing, counsel made a proffer that this compensatory payment was for "back support payments of about four months" that the debtor owed to Sheryl Pearce at the time of dissolution, and this proffer was not disputed by either the trustee or the debtor. The Court finds, accordingly, that this portion of Sheryl Pearce's claim constitutes a debt in the nature of support entitled to priority payment under § 507(a)(7). The Court, therefore, will overrule the trustee's objection to claim # 14 in the amount of

---

11. According to the opening paragraphs of the judgment, both parties are of similar age and both were employed at the time of dissolution.

12. By contrast, the divorce decree at issue in *Dewey*, relied upon by Howton Plumbing and Sheryl Pearce, provided that the parties' property division and assumption of marital debts constituted a "release of all claims and demands . . . , including all liability now or at

any time . . . accruing on account of support, maintenance, [or] alimony. . . ." *In re Dewey*, 223 B.R. 559, at 562.

13. Sheryl Pearce's complaint sought relief under either § 523(a)(5) or § 523(a)(15), and no findings were made in the default judgment concerning the nature of the debt, either as support under § 523(a)(5) or as property division under § 523(a)(15).

$1,000.00 and sustain her objection as to the remainder.