In re Bradley Scott ACKERMAN, Debtor.

Frank Cibula, Jr., Donald Pagan, CPA and Susan Diane Ackerman, For the use and benefit of Frank Cibula, Jr., and Donald Pagan, Plaintiff,

v.

Bradley Scott Ackerman, Defendant.

Bankruptcy No. 99–10763–8P7.
Adversary No. 99–562.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 6, 2000.

Michael Brundage, Tampa, FL, for Plaintiff.

Charles H. Dittmar, Jr., Tampa, FL, for Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The dischargeability of attorney fees awarded in connection with a dissolution of marriage proceeding is a frequently litigated issue, either instituted by the Debtor in a Chapter 7 case, or by the ex-spouse of the Debtor. Equally, it is not unusual that the Plaintiff is the attorney or accountant for the non-debtor ex-spouse who was the recipient of an award of fees for services rendered in the divorce by the Court which dissolved the marriage.

In the present instance this adversary proceeding was commenced by Frank Cibula, Jr., Donald Pagan, CPA and Susan Diane Ackerman, for the use and benefit of Frank Cibula, Jr. (Cibula) and Donald Pagan (Pagan). Cibula was counsel of record for Diane Ackerman (Ms. Ackerman), the former spouse of Bradley Scott Ackerman (Debtor) who is seeking relief under Chapter 7 of the Bankruptcy Code.

Cibula and Pagan (the Plaintiffs) contend that the $12,500.00 awarded to Cibula for his services as an attorney for Ms. Ackerman and the $2,250.00 awarded to Pagan for accounting services were in the

nature of support of Ms. Ackerman in connection with the dissolution of marriage proceeding. Therefore, these amounts are within exception of the general bankruptcy discharge, by virtue of Section 523(a)(5) of the Bankruptcy Code. Ms Ackerman, who is also named as a Plaintiff, ironically, does not seek such a determination. On the contrary, she supports the position of the Debtor.

In opposition to the claims of the Plaintiffs, the Debtor asserts first, as an affirmative defense, that the Plaintiffs Cibula and Pagan have no standing to seek a determination of nondischargeability. Second, in any event, the awards to the Plaintiffs are not in the nature of support and that the awards are within the overall protection of the general discharge.

The facts relevant to the ultimate issues, as framed by the pleadings and as established at the trial can be summarized as follows:

The Debtor and Ms. Ackerman were married on December 16, 1983. They have one child who is was at the relevant time approximately 8 years old. In May 1998, Ms. Ackerman filed a Petition for Dissolution of Marriage in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County (Circuit Court). Ms. Ackerman engaged Cibula to represent her in the divorce and he was counsel of record until he withdrew from the case. The Debtor had his own attorney. Ms. Ackerman also engaged the services of Pagan to assist her in connection with the determination of the appropriate amount of alimony and child support. At the commencement of the divorce proceeding, the Debtor was gainfully employed and had a monthly gross income of $10,-416.66. Ms. Ackerman had a gross monthly income of $135.00.

Cibula prepared several drafts of a property settlement agreement, but none of them reached a final form or were signed by the parties. Ms. Ackerman decided to dispense with the services of Cibula and she and the Debtor actually prepared and typed the final agreement which was executed by the parties on January 25, 1999. (Pl's Exh. 2). This document was ultimately incorporated into the Final Judgment Dissolving Marriage entered on February 24, 1999. (Pl's Exh. 1) The original draft prepared by Cibula was, no doubt, the basic document which was the basis for the final document prepared by the parties with one notable exception. The exception was that the provision concerning the Debtor's obligation to pay the attorney fees to Cibula. Paragraph 24 of the draft prepared by Cibula, provided that the Debtor's obligation to pay attorney fee "is not dischargeable in bankruptcy and its is enforceable by contempt." (Def's Exh. 4). The final version prepared and signed by the parties does not contain any reference to the nondischargeability of the attorney's or accountant's fees.

On February 24, 1999, the Circuit Court held the final hearing. While Ms. Ackerman was no longer represented by counsel, Ms. Donna Slebodnik, an associate of Cibula, appeared at the hearing for the obvious purpose to assure that the final judgment provided for and fixed the fees for Cibula and Pagan.

After the parties conferred concerning the attorney's fees they announced that they arrived at an agreement. Based on the agreement, Paragraph 3 of the Final Judgment fixed Ms. Ackerman's attorney's fees at $12,500.00 and accounting fees to Pagan at $2,250.00. This paragraph further provided that the Debtor shall pay a "minimum of $500.00 per month until the entire amount is paid within one year." The text in quotes was inserted by hand, apparently by the Circuit Court Judge, although the insert is not initialed by him. There is no mention in this paragraph, or any place in the Final Judgment, concerning the dischargeability of the awards to Cibula or Pagan. There is no evidence in this record that there was an agreement as claimed by the Plaintiffs that the awards are in the nature of support and would be

nondischargeable; nor that this agreement was approved by the Circuit Court as claimed by the Plaintiffs, a proposition which is flatly denied by Ms. Ackerman in her deposition. (Exh. 1 to Def's Exh. 5). However, whether there was such an agreement or not is really irrelevant, as will be seen in detail below.

## AFFIRMATIVE DEFENSE— STANDING TO SUE

 Before considering the merits of this affirmative defense, it is well to note that lack of standing is not an affirmative defense in the federal practice. Fed. R.Civ.Pro. 8, as adopted by F.R.B.P. 7008, specifically sets forth the affirmative defenses and lack of standing is not one of them. Lack of standing is a basis for dismissal of the complaint if it is established, and it should be asserted by a motion to dismiss, not by an affirmative defense. Be that as it may, it is clear and it is well established that, in spite of the seemingly clear language of Section 523(a)(5), an ex-spouse's attorney has standing to seek a determination of dischargeability of attorney's fees awarded in connection with a dissolution of marriage proceeding. *In re Aughenbaugh*, 119 B.R. 861 (Bankr.M.D.Fla.1990). The fact that the attorney's fee awarded is payable directly to the attorney and not to the ex-spouse of the debtor is of no consequence. *In re Wester*, 187 B.R. 358 (Bankr. M.D.Fla.1995); *In re Spong*, 661 F.2d 6 (2nd Cir.1981).

## LEGAL CHARACTER OF FEE AWARDS

 Dischargeability issues arising out of a dissolution of marriage proceeding are frequently litigated matters when one of the spouses seek relief in the Bankruptcy Court. The controversy usually centers around a provision in the final decree which incorporates a property settlement agreement between the parties, in which the provisions are either vague concerning support or property settlement provisions, or silent, and subject to different interpretation. It is clear and well established that the label placed on a particular obligation either by the property settlement agreement or even by the final decree is not relevant. It is the obligation of the Bankruptcy Court to determine whether or not the particular obligation is, in fact, in the nature of support, alimony or maintenance. *In re Hall*, 119 B.R. 272, 275 (Bankr.M.D.Fla.1990).

 To make this determination the Court must look to the substance of the obligation and not the form used, and a court will not accept labels placed on the obligation either by the parties or the divorce court. Concerning an award for attorney's fees in conjunction with a dissolution of marriage proceeding, it is now well established that the obligation placed on a spouse to pay attorney's fees is so intrinsically intertwined with the obligation of support that it is considered to be in the nature of support and, therefore, comes within the exception of Section 523(a)(5) of the Code.

As stated by the Court in the case of *In re Spong, supra*, an award of attorney's fees is clearly essential to the ability of a spouse to sue or defend a matrimonial action whether the issue relates to alimony, property settlement or even custody of a child. For this reason, awards for attorney's fees have been considered properly in the nature of alimony, maintenance or support.

The plaintiffs placed great reliance on the intent of the parties that the awards in question would not be discharged in bankruptcy. The Debtor and Ms. Ackerman, on the other hand, contend that there was no such agreement and it was never intended by him that the debt would not be discharged in bankruptcy. The plaintiffs contend that is was also the understanding of the Circuit Court Judge at the final hearing, who allegedly agreed that it was understood that the award would not be discharged in the event the husband sought relief in the Bankruptcy Court. In

opposition, the Debtor points out that while there was such a provision in the original draft, that it was omitted from the final agreement that was signed and there was no approval of any such agreement by the presiding Circuit Court Judge at the final hearing.

While at times the courts will consider the intent of the parties concerning the nature and the character of an obligation *In re Strickland,* 90 F.3d 444, 446 (11th Cir.1996), it is clear that a court is not bound by such an agreement even if one was actually entered into between the parties. This is especially true that if an agreement is only between the Debtor and the ex-spouse. Such an agreement certainly could not be binding on the attorney who represented the ex-spouse who was not a party to the agreement. Neither would a claimed agreement that the debt would not be dischargeable be binding on the court.

This being the case, considering the facts established at the final evidentiary hearing, it is clear that the award to Cibula and Pagan was an obligation in the nature of support. At the relevant time the Debtor had a gross monthly income of $10,416.66 and his ex-spouse, Ms. Ackerman, had a gross monthly income of $135.00. The divorcee decree awarded custody to Ms. Ackerman of the child and, based on these facts, it is quite clear that Ms. Ackerman would not have been in a position to pay the attorney's or accountant's fees. The fact that at the time of the final hearing on the divorce case the Debtor was unemployed is of no consequence. Neither is the contention of the Debtor and Mrs. Ackerman that the legal services rendered by Mr. Cibula were inferior, improper, and that the procrastination of Cibula caused long unnecessary delays in the proceedings, therefore, the fee award was excessive. This proposition should have been presented to the Circuit Court Judge who determined the fee, allegedly, with the agreement of the parties that the amounts were proper and reasonable. This Court is not in a position to revisit the reasonableness of these amounts since they were as a result of a final determination made by a court of competent jurisdiction, thus, not subject to review by this Court.

Having concluded that the awards made to Cibula and Pagan by the Final Judgment are in the nature of support, the plaintiffs are entitled to a final judgment declaring the obligations of the Debtor to Cibula and Pagan to be within the exception of Section 523(a)(5) of the Bankruptcy Code.

A separate final judgment will be entered in accordance with the foregoing.