**In re David Charles SMITH, Jr., Debtor.**

**George I. Drewell, Sr., Esq., Plaintiff,**

**v.**

**David Charles Smith, Jr., Defendant.**

**Bankruptcy No. 01–41142–PNS3.**
**Adversary No. 01–80030.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

Jan. 10, 2002.

George I. Drewell, Sr., Shalimar, FL, for Plaintiff.

David Charles Smith, Jr., pro se.

Sherry Chancellor, Pensacola, FL, trustee.

*MEMORANDUM OPINION AND ORDER ON NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(A)(5)*

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CASE came on for trial on December 20, 2001 on plaintiff George I Dre-

well, Esq.'s complaint to determine the dischargeability of legal fees owed by debtor David Charles Smith, Jr., as ordered by a state court final judgment of dissolution. This Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding under § 157(b)(2)(I). For the reasons outlined below, the legal fees owed by the debtor to his former wife's attorney are non-dischargeable. The Court's findings of fact and conclusions of law were announced in open court and are now presented in accordance with Federal Rule of Bankruptcy Procedure 7052.

### Relevant Facts and Procedural History

The debtor and his former spouse divorced before Smith filed his Chapter 7 petition. The final judgment of dissolution awarded attorney's fees to the exwife and required the ex-husband to pay 75% of the fees. The parties entered into a stipulated order on February 27, 2001 awarding fees and costs of $6,604.50 to attorney Drewell. This amount remains unpaid. Mr. Smith filed his Chapter 7 petition on April 30th. Attorney/creditor Drewell objected to the dischargeability of the uncollected attorney fees and costs, and filed the instant adversary proceeding pursuant to 11 U.S.C. § 523(a)(5) on July 9th. The debtor was discharged August 14th.

### Discussion

■ "A discharge under section 727 . . . does not discharge an individual debtor from any debt . . . to a spouse [or] former spouse . . . for . . . maintenance for, or support of such spouse . . . in connection with a . . . divorce decree or other order of a court of record . . . [if] such liability is actually in the nature of . . . maintenance, or support." 11 U.S.C. § 523(a)(5).

■ The issue here is whether the attorney fees awarded in the underlying divorce constituted "support" within the meaning of § 523(a)(5). This is a matter of federal law, although state law provides guidance in determining whether the obligation should be considered in the nature of "support." *Strickland v. Shannon (In re Strickland)*, 90 F.3d 444, 446 (11th Cir. 1996). Under Florida law, a former spouse is entitled to an award of attorney fees based on relative need and ability to pay. *Id. citing* F.S. § 61.16(1)[1]; *Hyatt v. Hyatt*, 672 So.2d 74, 76 (Fla. 1st DCA 1996). Thus, the award of attorneys fees in Florida can be characterized as support for the former spouse, and is therefore nondischargeable under 11 U.S.C. 523(a)(5).

In the case before the Court today, the state court held that the former wife was entitled to attorney fees. This constitutes a showing of the need for support, and renders the fee award nondischargeable in bankruptcy. Therefore, it is

ORDERED AND ADJUDGED that

1. The $6,604.50 in attorney fees and costs owed by the debtor to creditor/attorney Drewell are nondischargeable in bankruptcy, pursuant to 11 U.S.C. 523(a)(5).

2. Creditor/attorney Drewell is entitled to recover $150.00 in costs associated with filing this adversary proceeding.

3. Creditor/attorney Drewell is not entitled to recover from the debtor any

1. The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals. . . . In all cases, the court may order that the amount be paid directly to the attorney, who may enforce the order in that attorney's name. . . . F.S. § 61.16(1).

legal fees arising from this adversary proceeding.