**In re Malcolm C. FOSTER, Debtor.**

No. 02–15524–8W3.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 28, 2003.

Malka Isaak, Tampa, FL, for debtor.

Mark A. Spence, New Port Richey, FL, for Eloise Taylor.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

*MEMORANDUM DECISION AND ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM NO. 14 OF ELOISE TAYLOR*

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

THIS CASE came on for consideration on March 31, 2003 ("Hearing"), on the Debtor's Objection to Claim No. 14 (Doc. No. 18) ("Objection"). The Debtor objected to Claim No. 14 ("Claim") on the basis

that it was filed as a priority claim under Bankruptcy Code section 507(a)(7) rather than as a general unsecured claim. The claimant, Eloise Taylor ("Claimant"), was the attorney for the Debtor's ex-spouse, Aynee R. Foster ("Wife"), and had rendered the Wife services in connection with the dissolution of the Debtor's marriage with the Wife. For the reasons set forth below, the Objection is overruled, and the Claim is allowed in its entirety as an unsecured priority claim under section 507(a)(7).

## Findings of Fact

The facts relating to the Objection are simple and undisputed. The state court entered a final judgment of dissolution of the marriage between the Wife and the Debtor on October 31, 2001 ("Final Judgment"). The Final Judgment provided that the "Wife is entitled to some payment of her attorney's fees from the Husband and he is in a better position to pay them...." ¶ 40, Final Judgment. Subsequently, on May 14, 2002, the state court entered an order awarding attorney's fees and costs ("Order on Fees") to the Claimant in the total amount of $61,018.50.[1]

The Debtor filed this chapter 7 case on August 9, 2002. Pursuant to the chapter 13 plan (Doc. No. 2) ("Plan") filed by the Debtor, Claimant will be paid $40,000, approximately 65 percent of her claim, through the Plan at $1,000 per month for the first 20 months, then at $500 per month for the next 40 months. The Plan also proposes that the "[b]alance of the debt will be paid to the Wife after the confirmation of this plan consistent with State Court order."

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b),

157(b)(1), 157(b)(2)(B), and 157(b)(2)(I). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(2)(I).

Congress, in 1994, created a new priority claim status—elevating maintenance and support obligations arising from marital dissolutions to seventh priority. Priority claims must be paid in full under a debtor's chapter 13 plan pursuant to Bankruptcy Code section 1322(a)(2). The provision of the Bankruptcy Code relevant to the Wife's Claim is section 507(a)(7) which provides priority status for:

> Allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt—
>
> (A) is assigned to another entity, voluntarily, by operation of law, or otherwise; or
>
> (B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

11 U.S.C. § 507(a)(7).

■ At the Hearing, the Debtor argued that attorney fees should not be placed in the same priority accorded alimony and support obligations since attorney fees are not specifically mentioned in section 507(a)(7). The Debtor acknowledged that there is a plethora of cases decided under section 523(a)(5) which hold that attorney

---

1. The Debtor conceded in oral argument that this amount is non-dischargeable pursuant to section 523(a)(5) but contends in the Objec-tion that nevertheless the Claim is not entitled to priority under section 507(a)(7).

fees generally are included within the non-dischargeable support or alimony claims. *See, e.g., Strickland v. Shannon (In re Strickland)*, 90 F.3d 444 (11th Cir.1996)(attorney fee award arising from post-dissolution modification award constitutes "support" for former spouse, where award is based upon ability to pay); *In re Stebbins By and Through Dahl*, 105 B.R. 118 (S.D.Fla.1989)(attorney fees can be legitimately characterized as "support"); *In re Vazquez*, 92 B.R. 533 (S.D.Fla. 1988)(debt to ex-spouse's attorney for fees was nondischargeable); *In re Smith*, 273 B.R. 669 (Bankr.N.D.Fla.2002)(ex-spouse's attorney fees were non-dischargeable because they were awarded based on relative need and ability to pay); *In re Edwards*, 261 B.R. 523 (Bankr.M.D.Fla.2001)(legal fees inextricably intertwined with alimony and child support would be excepted from discharge); *In re Ackerman*, 247 B.R. 336 (Bankr.M.D.Fla.2000)(attorney and accountant fees incurred by former spouse is in nature of alimony, maintenance or support); *In re Hendricks*, 248 B.R. 652 (Bankr.M.D.Fla.2000) (attorney fees incurred in unsuccessful post-dissolution attempt by former spouse and primary caretaker to modify custody was nondischargeable because it was based on determination that the debtor had greater ability to pay); *In re Prater*, 231 B.R. 819 (Bankr.M.D.Fla.1999)(ex-spouse's attorney fees nondischargeable as "support" since it was based on debtor's superior financial position); *In re Lapsley*, 230 B.R. 633 (Bankr.M.D.Fla.1999)(attorney fees for ex-spouse declared nondischargeable); *In re Mobley*, 238 B.R. 486 (Bankr.M.D.Fla.1998)(attorney fees for ex-spouse was "support" even though custodial-parent debtor was not ordered to pay support by state court); *In re Finlayson*, 217 B.R. 666 (Bankr.S.D.Fla.1998)(attorney fees properly characterized as "support" despite the fact that majority of the issues litigated in state court involved equitable distribution of assets); *In re Konicki*, 208 B.R. 572 (Bankr.M.D.Fla.1997) (attorney fees fell within "support" even though fees were incurred primarily for non-dissolution and support issues, where state court determined that ex-spouse had greater need and lesser ability to pay these fees); *In re Smith*, 207 B.R. 289 (Bankr.M.D.Fla.1997)(attorney fees nondischargeable); *In re Thomasson*, 199 B.R. 801 (Bankr.M.D.Fla.1996)(same); *contra, In re Tarbox*, 234 B.R. 832 (Bankr.S.D.Fla.1999)(attorney fee awarded to ex-spouse is dischargeable because it related to "property settlement"); *In re Richards*, 207 B.R. 266 (Bankr.M.D.Fla. 1997) (attorney fees not "support" because no alimony or support was awarded and state court solely distributed property); *In re Wester*, 187 B.R. 358 (Bankr.M.D.Fla.1995)(attorney fees of ex-spouse are dischargeable because the state court awarded fees based on the unequal property settlement).

For example, in *Vazquez*, the court held that attorney fees incurred by an ex-spouse for services related to post-dissolution visitation issues were nondischargeable. The court opined that the "Debtor's construction of section 523(a)(5)(B) of not excepting from discharge attorney's fees ... merely because the statute does not specifically refer to those issues is unjustifiably restrictive and narrow. Neither public policy, the statutory language, nor the legislative history supports the view...." *Vazquez*, 92 B.R. at 535.

██ In response, the Debtor argues that these cases were decided under section 523(a)(5) and are not controlling on the interpretation of section 507(a)(7). In considering this argument, the Court must determine the extent to which cases that have interpreted section 523(a)(5) should

be looked to in interpreting and applying section 507(a)(7). In this regard, the cases interpreting section 507(a)(7) to relate to section 523(a)(5) predominately focus on the similarity of the language.[2] The language in the two sections is identical, with the exception of the sentence in section 507(a)(7) that excludes from priority status claims that have been assigned to third parties. When the language is identical, the courts employ a general rule of statutory construction: "identical phrases used in different parts of [the] same act are intended to have the same meaning." *In re Grady*, 180 B.R. 461, 464 (Bankr. E.D.Va.1995) (citations omitted); *Collier on Bankruptcy*, ¶ 507.09[1] (also citing to *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138 (9th Cir.1998); *Dewey v. Dewey (In re Dewey)*, 223 B.R. 559 (10th Cir. BAP 1998); *Beaupied v. Doe (In re Doe)*, 193 B.R. 12 (Bankr.N.D.Cal.1996); *In re Beverly*, 196 B.R. 128 (Bankr.W.D.Mo. 1996)). *See also In re Cameron*, 243 B.R. 117, 125–26 (M.D.Ala.1999); *In re Miller*, 284 B.R. 734, 738 (10th Cir. BAP 2002); *In re Austin*, 271 B.R. 97 (Bankr.E.D.Va. 2001); *In re Pearce*, 245 B.R. 578, 582 (Bankr.S.D.Ill.2000); *In re Polishuk*, 243 B.R. 408, 416 (Bankr.N.D.Okla.1999); *In re Costanza*, 215 B.R. 588, 590 (Bankr. W.D.Mo.1997).

Not only is the language almost verbatim, but courts have also considered the similarity of the policies behind the two sections. *Miller*, 284 B.R. at 738; *Dewey*,

223 B.R. at 564. The legislative history of section 507(a)(7) reveals that Congress was concerned that the law existing then failed to provide priority status for support and maintenance obligations to spouses and children, even though these debts were clearly nondischargeable. As comments attributed to the Hon. Louise McIntosh Slaughter of New York (103rd Congress, Second Session, June 30, 1994; P.L. 103–394) illustrate:

> While the current Code does not allow courts to forgive outstanding debts "in the nature of support," child support and alimony are given no priority when a debtor has assets and the proceeds are distributed. Thus, even while creditors can be paid, spouses and children who are entitled to support are not likely to be the beneficiaries. [The] legislation would elevate child support and alimony from their current status as general unsecured debts to formally prioritized debts, thereby ensuring that a spouse with dependent children will receive support payments without waiting for years. *A & P 140 Cong. Record E1389.*

These pre–1994 amendment problems were discussed in the case of *In re Jacobson*, 231 B.R. 763, 764–765 (Bankr.D.Ariz. 1999). Prior to the amendments, if a chapter 13 plan attempted to treat these nondischargeable obligations more favorably than the rest of the general unsecured creditors, there would be objections to con-

---

**2.** Section 523(a)(5) excepts debts:

to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or oth-

erwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. section 523(a)(5).

firmation of such a plan on the basis of unfair discrimination. *Id. See also In re Beverly*, 196 B.R. 128, 130 (Bankr.W.D.Mo.1996)(discussion of the status of pre-amendment treatment of such claims in chapter 13 cases).

Historically, courts have dealt with this problem one of two ways. First, there is a line of cases holding that such favorable treatment was permissible on public policy grounds. *Jacobson*, 231 B.R. at 764–765 (citations omitted); *Beverly*, 196 B.R. at 130–131 (citations omitted). Alternatively, courts prohibited such favorable treatment but liberally granted these creditors relief from the automatic stay to pursue collection in state courts. *Jacobson*, 231 B.R. at 764–765 (citations omitted); *Beverly*, 196 B.R. at 132. The *Jacobson* court held that in light of the 1994 amendment and its legislative history, as well as 11 U.S.C. section 1328(a),[3] it could only reach the undeniable conclusion that such support and maintenance obligations be paid in full in a chapter 13 plan. The result is that such creditors now "go to the front of the line" to receive their payment. *Jacobson*, 231 B.R. at 764–765.

The legislative history of section 507(a)(7) and the almost verbatim language of this section in section 523(a)(5) lead this Court to conclude that cases decided under section 523(a)(5) should be guiding precedent to interpretation of section 507(a)(7).[4]

■ Even in the absence of the overwhelming case law finding attorney's fees nondischargeable in the analogous context of section 523(a)(5), the Court would also alternatively conclude that the attorney's fees awarded in this case are properly characterized as support for purposes of section 507(a)(7). In this regard, whether attorney fees constitute "support" is a matter of federal law, although state law provides guidance in determining whether the obligation is in the nature of "support." *Strickland*, 90 F.3d at 446; *Smith*, 273 B.R. at 670. The relevant Florida statute is Florida Statute section 61.16(1), which provides courts the ability to award attorney fees and costs in marital cases based on relative need and ability to pay.[5] *Strickland*, 90 F.3d at 446; *Smith*, 273 B.R. at 670; *Hendricks*, 248 B.R. at 656–59; *Lapsley*, 230 B.R. at 637–38. As analyzed by the court in *Lapsley*, the Florida statutory scheme contemplates that a party's entitlement to award of attorney fees "is not properly viewed as a separate or independent claim" but instead "flows or stems from the court's ability to consider substantive awards in family law cases under Chapter 61, Florida Statutes." *Lapsley*, 230 B.R. at 637. The purpose behind this statutory scheme is to allow a financially

> needy party to pursue his or her substantive claims by permitting the court to award fees and costs for the needy party to be paid by the party in superior

**3.** Section 1328(a) provides that such support and maintenance debts survive the "super-discharge" granted to Chapter 13 debtors.

**4.** At the Hearing, the Debtor's counsel conceded that she has found no authority to support her position that section 523(a)(5) cases should not be precedential authority for the interpretation of section 507(a)(7). This Court's own independent research has also similarly yielded nothing in support of the Debtor's position.

**5.** Fla. Stat. section 61.16(1) states, in relevant part:

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and cost to the other party ... In all cases, the court may order that the amount be paid directly to the attorney, who may enforce the order in that attorney's name....

economic position. Without this provision, a needy party would never have the ability to litigate his or her substantive rights before the court. Moreover, this scheme also makes the litigating party and not his or her attorney the beneficiary of the right to receive an attorneys fee award to be paid by the other party. *Id.*

In the Eleventh Circuit, a court need only make "a simple inquiry as to whether the obligation can legitimately be characterized as support." *Strickland,* 754 at 447. Where attorney fees were awarded based on need and ability to pay, such debt may be legitimately characterized as non-dischargeable support. *Id.*

In this case, the state court specifically awarded Claimant's fees after considering the relative financial need and ability to pay of both the Debtor and Wife. The state court has already made the determination that the Debtor has the superior financial ability to pay the Claim. *Final Judgment,* ¶ 40. Undoubtedly, the Wife is the true beneficiary of the award. The Wife will ultimately be responsible for paying her attorney's fees if the Debtor fails to pay.[6]

At the Hearing, the Debtor also argued that it is unfair to hold him liable for the Claim because he did not choose the attorney nor does he have any control over the attorney's hourly rates and time. He asserted that the Wife does not have an incentive to negotiate lower rates and fees if it is likely that he will be ultimately responsible for the fee award. Indeed, he argued that the Wife might have had the opposite incentive; that is, to incur greater fees so as to punish the Debtor. While perhaps the Debtor may have legitimate fears regarding the Claim, this argument is nullified by the state court's statutory duty to review the fee request and award only such "reasonable" fees. *Fla. Stat.* section 61.16(1). In fact, the state court in this case held hearings regarding the reasonableness of the fees and costs and only after such hearings, entered its Fee Order. Thus, the Debtor had the opportunity to be heard by the state court regarding the reasonableness of the award. *Cf., Ackerman,* 247 B.R. at 340 (debtor's arguments that legal services of ex-spouse's attorney were inferior, improper, unnecessary and that the fee was excessive should have been raised before the state court judge).

Further, to adopt the Debtor's narrow statutory reading of "support" would be a hindrance to the policy behind the award of fees. As discussed in the cases dealing with this issue, one of these policies is to ensure that a needy spouse is able to prosecute a matrimonial action. *See, e.g., Ackerman,* 247 B.R. at 339; *Lapsley,* 230 B.R. at 637. This same policy applies equally when analyzing priority claims under section 507(a)(7).

*Conclusion*

Cases interpreting section 523(a)(5) are guiding authority for application of section 507(a)(7) because of the almost identical language used and the same policy concerns related to the issues of support and maintenance obligations. Further, this

---

**6.** The Debtor alluded to the argument that the Claim may relate to services rendered in connection with property settlement issues and may thus be dischargeable. The Court does not find this argument persuasive. This Court will follow the line of cases holding that fees rendered need not be integrally related to support or maintenance issues in order to be rendered "support" when the state court has awarded such fees after determining the financial needs and ability to pay of the parties. *E.g., In re Smith,* 273 B.R. at 670; *Hendricks,* 248 B.R. at 658–59; *Ackerman,* 247 B.R. at 339; *Mobley,* 238 B.R. at 488; *Prater,* 231 B.R. at 821; *Lapsley,* 230 B.R. at 637–38; *Finlayson,* 217 B.R. at 669 (Bankr.S.D.Fla. 1998); *Konicki,* 208 B.R. 572, 574 (Bankr. M.D.Fla.1997).

Court finds the rationale for including attorney fee awards as "support" when the state court's decision is based upon the parties' relative financial needs and ability to pay to be equally applicable under section 507(a)(7). Accordingly, it is

ORDERED:

1. The Objection is overruled.

2. The Claim is allowed as an unsecured priority claim under section 507(a)(7).