**In re Richard AGUERO and Yvonne Aguero, Debtors.**

**DAVID M. CARR, P.A., Plaintiff,**

v.

**Richard AGUERO, Defendant.**

**Bankruptcy No. 89–5832–8P7. Adv. No. 89–535.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 16, 1990.

David W. Steen, Tampa, Fla., for plaintiff.

David Lee Jones, Guntersville, Ala., for debtors.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment filed by David M. Carr, P.A. (Carr) in the above-captioned adversary proceeding. In his complaint Carr alleges that an obligation in the amount of $7,591.36 owed to him by Richard Aguero (Debtor), the Debtor involved in this Chapter 7 case, is within the exceptive provisions of the general bankruptcy discharge by virtue of Section 523(a)(5) of the Bankruptcy Code. It is the contention of Carr that there are no genuine issues of material fact and, therefore, he is entitled to judgment as a matter of law declaring the obligation in the amount of $7,591.36 to be nondischargeable in that the same represents attorney's fees incurred by the former wife of the Debtor, Sharon Glozier Aguero, in order to enforce a child support obligation of the Debtor. The relevant facts as appear from the record are indeed without dispute and are as follows:

On May 13, 1987, the Circuit Court for Hillsborough County, Florida entered an Order Granting Judgment against Husband in a dissolution of marriage proceeding commenced by Sharon Glozier Aguero against the Debtor. In the Order, the Circuit Court awarded Carr what it determined to be reasonable attorneys fees, $4,862.50, plus court costs of $228.40 for a total of $5,090.90, to bear interest at the rate of 12% per annum until paid. The Order by the Circuit Court specified that the award was based solely on the legal services rendered by Carr to enforce child support obligations of the Debtor.

It is undisputed that the Debtor, having been aggrieved by the Order, appealed same to the Second District Court of Appeals. The Second District Court of Appeals affirmed the Order and remanded the same back to the Circuit Court. On September 2, 1988, the Circuit Court entered an Order on Motion for Attorney's Fees and determined additional fees totalling $3,450.00 to be reasonable, but made no award of attorney's fees. Instead, the Circuit Court deferred consideration of the Motion.

As noted previously, it is Carr's contention that the debt for attorneys' fees is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) which provides as follows:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(1), 1228(b), or 1328(b) of this

title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a Court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that . . .

 The question whether a particular obligation is "actually in the nature of alimony, maintenance or support," is a matter of federal bankruptcy law, not state law. *In re Harrell,* 754 F.2d 902 (11th Cir.1985). Not only may an obligation to pay attorneys' fees be "so tied in with the obligation of support as to be in the nature of support or alimony and excepted from discharge," *In re Shaw,* 67 B.R. 911, 912 (Bankr.M.D. Fla.1986), but it may also be alimony, maintenance or support in and of itself. *In re Vazquez,* 92 B.R. 533 (S.D.Fla.1988). Although this Court looks beyond labels placed on obligations by the state court, *In re Burch,* 100 B.R. 585, 587 (Bankr.M.D. Fla.1989), this Court is satisfied that the legal fees actually awarded by the Circuit Court were, in fact, rendered in connection with the enforcement of the Debtor's obligation to pay child support, and thus the original award of $4,862.50 is a nondischargeable obligation.

Based on the foregoing, there being no genuine issues of material fact regarding the original award of attorney's fees, it appears appropriate to grant the Motion for Summary Judgment to the limited extent that the Debtor's obligations to pay Carr $5,090.90 in attorney's fees and costs is hereby determined to be nondischargeable.

 In contrast, although Carr contends that attorney's fees in the amount of $3,450.00 should likewise be determined to be nondischargeable, there is nothing in this record to support the proposition that those subsequent fees were ever even awarded. Therefore, the Motion for Summary Judgment must be denied in this regard.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by David M. Carr, P.A. be, and the same is hereby, granted in part, and the sum of $5,090.90 is hereby determined to be a nondischargeable obligation. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same is hereby, denied in part as it regards any additional attorney's fees. It is further

ORDERED, ADJUDGED AND DECREED that a continued pretrial conference in this proceeding shall be scheduled before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on August 30, 1990, at 11:00 a.m.

DONE AND ORDERED.