United States Court of Appeals,

Eleventh Circuit.

No. 95-3346.

In re Kenneth I. STRICKLAND, Debtor.

Kenneth I. STRICKLAND, Plaintiff-Appellant,

v.

John Hugh SHANNON, Lauren J. Strickland, Defendants-Appellees.

Aug. 1, 1996.

Appeal from the United States District Court for the Middle District of Florida. (Nos. 93-1393-CIV-T-24A, 91-14853-8P7), Susan C. Bucklew, Judge. (No. 160 B.R. 675), Alexander L. Paskay, Judge.

Before COX and BARKETT, Circuit Judges, and BRIGHT[*], Senior Circuit Judge.

BARKETT, Circuit Judge:

Kenneth Strickland ("debtor") appeals from a district court order finding nondischargeable his $9,430.50 debt to his former spouse Lauren Strickland ("former spouse") and her attorney for attorney fees resulting from the debtor's failed attempt to modify child-custody and child-support provisions of a divorce judgment. Reversing the bankruptcy court, the district court found the debt nondischargeable under 11 U.S.C. § 523(a)(5) because it was in the nature of support for the minor child and/or the former spouse. We affirm.

## I. BACKGROUND

A 1985 state court judgment dissolved the marriage of the debtor and his former spouse, and provided that parental responsibility for the minor child would be shared, that the

[*]Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

child's primary physical residence would be with the former spouse, and that the debtor would pay $200 per month in child support. The debtor later petitioned to modify the judgment so as to designate his home as the child's primary residence, terminate his child support payments, and require the former spouse to pay child support. The state court denied the petition and ordered the debtor to pay $9,430.50 in attorney fees and costs incurred by the former spouse in defending against the petition.

Thereafter filing for bankruptcy, the debtor filed a complaint seeking a determination that his debt for the attorney fees award was dischargeable under 11 U.S.C. § 523(a)(5), which provides that a debtor cannot be discharged from any debt to a "former spouse ... or child of the debtor ... for ... support of such spouse or child, in connection with a ... divorce decree or other order of a court of record." The bankruptcy court allowed the discharge, holding as a matter of law that an obligation to pay attorney fees arising from a post-dissolution child-custody dispute does not constitute "support" under § 523(a)(5). The district court reversed, holding that an award for attorney fees relating to post-dissolution child-custody litigation involving child-support issues does constitute support under § 523(a)(5) and therefore is nondischargeable.

On appeal, the debtor argues that the district court improperly held as a matter of law that the attorney fees award constituted "support" under § 523(a)(5). He urges us to remand the case to the bankruptcy court for a determination of whether the award of attorney fees, in fact, constituted support for the minor

child or the former spouse.

## II. DISCUSSION

Under Chapter VII of the Bankruptcy Code, a debtor may obtain a general discharge "from all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b) (1994). The Code does not, however, discharge a debtor from any debt:

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, ... but not to the extent that—

> \*   \*   \*   \*   \*   \*

> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support....

*Id.* § 523(a)(5).

The issue of whether the attorney fees award in this case constituted "support" within the meaning of § 523(a)(5) is a matter of federal law, which we review *de novo. See In re Harrell,* 754 F.2d 902, 904-05 (11th Cir.1985). In *In re Harrell,* we described the appropriate § 523(a)(5) inquiry as follows:

> The language used by Congress in § 523(a)(5) requires bankruptcy courts to determine nothing more than whether the support label accurately reflects that the obligation at issue is "actually in the nature of alimony, maintenance, or support." The statutory language suggests a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the *nature* of support.

*In re Harrell,* 754 F.2d at 906 (emphasis in original). Because federal law, rather than state law, controls our inquiry, a domestic obligation can be deemed actually in the nature of support under § 523(a)(5) even if it is not considered "support" under state law. *See id.* at 905. Although state law does not control,

it does provide guidance in determining whether the obligation should be considered in the nature of "support" under § 523(a)(5). *In re Jones,* 9 F.3d 878, 880 (10th Cir.1993).

As noted, the debtor in this case filed a petition in state court seeking to modify the minor child's primary physical residence and the allocation of child support obligations. The state court denied these requests in toto and ordered him to pay his former spouse's attorney fees. Under Florida law, a former spouse is entitled to an award of attorney fees in a modification action such as the one filed here based on relative need and ability to pay. *See* Fla.Stat. § 61.16(1) (1993); *Hyatt v. Hyatt,* 672 So.2d 74, 76 (Fla.Dist.Ct.App.1996). In awarding attorney fees to the former spouse, the state court therefore necessarily determined that she had a greater need and/or lesser ability to pay than did the debtor. Thus, the award of attorney fees can "legitimately be characterized as support," *In re Harrell,* 754 F.2d at 906, for the former spouse and therefore is nondischargeable under § 523(a)(5).

Nonetheless, relying on an Eighth Circuit case, the debtor argues that we should remand this case so the bankruptcy court can determine the relative financial resources of the parties and/or whether the state court adequately considered them in awarding the fees to the former spouse, *see Adams v. Zentz,* 963 F.2d 197, 200 (8th Cir.1992) (holding that "[i]n deciding whether to characterize an award as maintenance or support the crucial issue is the function the award was intended to serve" and that "[t]his is a question of fact to be decided by the bankruptcy court"). As

noted, however, we previously have held in this circuit that § 523(a)(5) requires nothing more than "a simple inquiry as to whether the obligation can legitimately be characterized as support." *In re Harrell,* 754 F.2d at 906. Moreover, the "[d]ebtor's attempt to expand the dischargeability issue into an assessment of the ongoing financial circumstances of the parties to a marital dispute would of necessity embroil federal courts in domestic relations matters which should properly be reserved to the state courts." *Id.* at 907.

In light of the foregoing, we hold that an attorney fees award arising from a post-dissolution custody action constitutes "support" for the former spouse under 11 U.S.C. § 523(a)(5) where, as here, the award is based on ability to pay. In the absence of special circumstances showing otherwise from the record in the underlying proceedings, the district court properly determined that the debt in this case is not dischargeable.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.