In re Donald Scott THOMASSON, Debtor.

Carolyn Mates THOMASSON, former wife, and Joe M. Gonzalez, Esquire, former wife's attorney, Plaintiffs,

v.

Donald Scott THOMASSON, Defendant.

Bankruptcy No. 95–11571–8P7.
Adv. No. 96–233.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 13, 1996.

David E. Davis, Tampa, Florida, for Plaintiffs.

Joel D. Broida, St. Pete Beach, Florida, for Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a more and more frequently recurring litigation between divorced spouses which involves an attempt by the former spouse of the Debtor to except from the

protection of the discharge certain obligations imposed on the Debtor by the Court which dissolved the marriage. The particular matter under consideration is presented for this Court's consideration by a Motion for Summary Judgment filed by Carolyn Mates Thomasson (Ms. Thomasson) and her attorney, Joe M. Gonzalez (Mr. Gonzalez) who contend that there are no genuine issues as to any material facts and they are entitled to a judgment as a matter of law. The Motion is filed in the above-captioned adversary proceeding, in which Mr. Gonzales contends that the sum of $15,226.21 plus interest shall be excepted from the discharge based on § 523(a)(5) of the Bankruptcy Code.

The facts relevant to the resolution of the issues presented for this Court's consideration as appear from the record are indeed without dispute and can be summarized as follows:

The marriage of the Debtor and Ms. Thomasson was dissolved by a Final Decree entered on July 13, 1991 by the Boyle Circuit Court in the 50th Judicial Circuit of the Commonwealth of Kentucky. On April 22, 1988, Ms. Thomasson, through her attorney, Mr. Gonzalez, filed a Petition to Establish Foreign Decree and for Modification of Child Support in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 88–6197–19, Family Law Division. On February 11, 1991, the Circuit Court entered a Final Judgment on the Petition to Modify Child Support. In its Final Judgment the Circuit Court directed the Debtor to pay to Ms. Thomasson certain sums as child support for Brian Mates Thomasson, Amanda Caroline Thomasson and Eric Carroll Thomasson, children from the marriage of the Debtor and Ms. Thomasson. In addition, the Court also directed the Debtor to pay to Mr. Gonzalez, for his services rendered in connection with the proceeding, the sum of $12,000. On September 26, 1991, as a result of additional disputes between the parties, the Circuit Court entered an additional Order modifying in part the Final Judgment entered on February 11, 1991. This Order provided that the Debtor shall pay to Ms. Thomasson increased sums of child support for Brian Thomasson and Amanda Thomas-

son in addition to the arrearages owed by the Debtor to these children. In addition, the Circuit Court also directed the Debtor to pay Mr. Gonzalez for his representation of Ms. Thomasson the sum of $15,000. The Circuit Court's Order which modified its previous Final Judgment entered on February 11, 1991 increased the monthly payments for child support by $100 per month up to $950 per month, to increase his monthly payments to Ms. Thomasson for child support arrearages of $2,500 for Brian Thomasson and Amanda Thomasson.

The Debtor has failed to live up to these obligations and in Order to enforce the provisions of the Final Judgement award, on July 27, 1995 Mr. Gonzalez filed a Motion to cite the Debtor for contempt. The Debtor responded by filing a Motion to Dismiss the criminal contempt proceeding. In its Decree entered on the Motion for Contempt the Circuit Court directed the Debtor to pay to Mr. Gonzalez the balance still outstanding of the attorneys fees awarded in the amount of $12,750 plus accrued interest from September 26, 1991 to July 6, 1995 in the amount of $5,516.21 or a total of $18,266.21. The Debtor was to pay this sum on dates specified in the Order. Although the Debtor made some payments, he failed to pay the specific payments and is still indebted in the amount of $15,266.21 to Mr. Gonzalez. This is the amount sought by Ms. Thomasson and Mr. Gonzalez to be excepted from the overall protection of the general bankruptcy discharge pursuant to § 523(a)(5) which provides as follows:

### § 523. Exceptions to Discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title, does not discharge an individual debtor from any debt . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement . . .

It is well established that whether a particular obligation imposed on a spouse in connection with the dissolution of marriage is dischargeable depends on whether or not the obligation is in fact actually in the nature of alimony, maintenance or support. This, in turn, must be determined with reference to federal bankruptcy law and not state law. *In re Harrell,* 754 F.2d 902, 904 (11th Cir.1985); *In re Aguero,* 118 B.R. 874, 876 (Bkrtcy.M.D.Fla.1990). In the present instance the obligation sought to be excepted from the discharge is not an award made to the wife for alimony, maintenance or support, but an award made to an attorney representing the non-debtor spouse for services rendered to her in connection with post-judgment proceedings. Although at times argument has been made and the proposition was at times accepted that an award of attorneys fees in connection with a divorce is not in the nature of actual support thus dischargeable, the fact the award is made to an attorney is no longer relevant and it is now well established that there is no impediment to assert a claim of non-dischargeability just because the attorney fee award was made directly to the attorney and not to the former spouse. *In re Brown,* 177 B.R. 116, 117 (Bkrtcy. M.D.Fla.1994); *In re Aughenbaugh,* 119 B.R. 861 (Bkrtcy.M.D.Fla.1990). It is equally well established that obligations to pay attorneys fees representing former spouses may be excepted from the discharge provided the legal services performed by the attorney were directly related to obtaining the enforcement of alimony, maintenance or support either of the spouse or the child. *In re Beardsley,* 118 B.R. 120, 122 (Bkrtcy. M.D.Fla.1990); *In re Hall,* 119 B.R. 272 (Bkrtcy.M.D.Fla.1990).

The precise question has been recently considered by the Eleventh Circuit Court of Appeals in the case of *In re Strickland,* 90 F.3d 444 (11th Cir.1996). In *Strickland* Judge Barkett, speaking for the Court, held that even though what is in the nature of actual support is a matter of federal law rather than state law, state law does provide guidance in determining whether the obligation should be considered in the nature of support under § 523(a)(5), citing *In re Jones,* 9 F.3d 878, 880 (10th Cir.1993). In the present instance, just like in *Strickland,* the litigation involved a post-judgment dispute between the debtor and his former spouse concerning child custody and allocation of child support obligations. In *Strickland* the husband sought a modification of the Final Decree designating his home as the principal residence of the child and also to reallocate the child support obligations. The Court, relying on Fla.Stat. § 61.16(1) (1993) and citing the case of *Hyatt v. Hyatt,* 672 So.2d 74, 76 (Fla.Dist.Ct.App.1996), concluded that the question depends on the relative need and the ability of the party to pay. The Court noted that in awarding attorneys fees to a former spouse the state court in fact determined that she had a greater need and/or less ability to pay than did the debtor thus the award of attorneys fees was legitimately characterized as support.

Based on *Strickland* this Court is satisfied that this record leaves no doubt that all the legal services rendered by Mr. Gonzalez to the Debtor's former spouse was directly related to her attempt to enforce the child support obligations imposed on the husband thus the conclusion should be self-evident that the services rendered were in connection with support of the children and under the teachings of *Strickland* should be excepted from the general discharge.

This still leaves for consideration whether or not the entire award would be excepted from the discharge or should be limited to the actual award itself. In the case of *In re Rosenblatt,* 176 B.R. 76, 79–80 (Bkrtcy. S.D.Fla.1994) the Bankruptcy Court concluded that an award in a divorce of attorneys fees together with investigative fees in the amount of $79,321.68, including interest, was in fact for support enforcement proceedings and the Court concluded that even the interest factor in that case was in the nature of support and, therefore, non-dischargeable.

Having concluded that there are no genuine issues of material facts, the Plaintiff, Joe M. Gonzalez, is entitled to a declaration that the legal fees awarded in the amount of $15,226.21, plus interest is, in fact, in the

nature of support and, therefore, non-dischargeable.

A separate Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.