**In re Mark Vincent KONICKI a/k/a Dr. Mark Konicki, Debtor.**

**Mark V. KONICKI, Plaintiff,**

v.

**Susan KELLY, f/k/a Susan Kelly Konicki, Defendant.**

**Bankruptcy No. 96–15796–8P7.**
**Adversary No. 97–115.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 24, 1997.

David W. Steen, Tampa, FL, for plaintiff.

Lee William Atkinson, Clearwater, FL, for defendant.

ALEXANDER L. PASKAY, Chief Judge.

## AMENDED ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment filed by Susan Kelly, f/k/a Susan Kelly Konicki (Ms. Kelly). The Motion is filed in the above-captioned adversary proceeding which was commenced by Mark V. Konicki (Debtor) who sought a determination that attorney fees awarded to Ms. Kelly in connection with a dissolution of marriage proceeding should not be within the exception to the discharge set forth in 11 U.S.C. § 523(a)(5).

It is the contention of Ms. Kelly that there are no genuine issues of material fact and she is entitled to a judgment in her favor as a matter of law determining that the award of the attorney fees involved in this controversy are deemed to be in the nature of alimony, maintenance or support and, thus, within the exception to discharge provided for by § 523(a)(5) of the Bankruptcy Code. In opposition, the Debtor filed an affidavit in which he contended that the award of attorney fees to Ms. Kelly had absolutely nothing to do with her efforts to obtain alimony, maintenance or support either for herself or for the child nor in order to obtain a divorce. On the contrary, according to the Debtor, the award of attorney fees was solely to award the attorney representing Ms. Kelly to obtain a monetary award to take care of her permanent medical condition allegedly caused by the Debtor by infecting Ms. Kelly with genital herpes. In light of the fact that she failed to prevail on that claim, the Debtor contends that the attorney fee award cannot be construed to be in the nature of alimony, maintenance or support and that, therefore, it is a dischargeable obligation.

The underlying facts which appear from the record are in fact without dispute and can be summarized as follows:

Ms. Kelly is the former spouse of the Debtor and obtained a dissolution of marriage by entry of a Final Judgment of Dissolution of Marriage initially entered on January 8, 1996. On February 23, 1996, the Circuit Court entered an Amended Final Judgment (Exhibit A). The Circuit Court, in addition to awarding shared parental responsibility for the minor child and providing for visitation rights, ordered the Debtor to pay Ms. Kelly the sum of $1,699 per month for the support of the minor child. The Amended Final Judgment also provided that all non-covered medical and dental expenses for the minor child should be paid by Ms. Kelly and the Debtor, 85% by the Debtor and 15% by Ms. Kelly. In Paragraph M of the Second Amended Final Judgment the Court retained jurisdiction to award to Ms. Kelly medical expenses for her herpes treatments if she can prove to the Court through laboratory diagnosis that she does in fact suffer from herpes. The Court expressly denied Ms. Kelly's request to order the Debtor to maintain medical insurance for treatment of her allergies. In Paragraph N of the Second Amended Final Judgment the Circuit Court held that the Debtor shall be responsible for payment of 80% of the wife's attorney fees and costs.

In commenting on Ms. Kelly's claim that she was infected by the Debtor with genital herpes, the Court noted that although some medical records furnished by Ms. Kelly indicated some genital lesions and suspicion of herpes, she was never actually diagnosed with herpes and a laboratory analysis presented no herpes virus isolated.

In ordering the Debtor to pay 80% of the attorney fees and costs incurred by Ms. Kelly in connection with the divorce, the Court specifically found that Ms. Kelly was in need of and the Debtor had the ability to pay his share of the attorney fees and litigation costs. It is without dispute that Ms. Kelly was not able to prove that she in fact had genital herpes although there is some evidence in the record that she had some symptoms of this particular medical condition. It should be noted that the parties' marriage lasted only two years and the Final Decree of Dissolution of Marriage did award her alimony.

These are the relevant facts as established by this record based upon which this Court is now called on to determine whether or not the attorney fees award in this particular instance is an obligation within the exception to discharge provided for by § 523(a)(5). Initially it should be noted that whether or not a domestic obligation resulting from a dissolution of marriage is actually in the nature of support thus within the exception of § 523(a)(5) is determined by Federal law. *In re Strickland,* 90 F.3d 444, 446 (11th Cir.1996). However, state law may provide guidance in determining whether such obligation should be considered in the nature of support. *See id.* (citing *In re Jones,* 9 F.3d 878, 880 (10th Cir.1930)).

■ Attorney's fees incurred in connection with alimony or support awards are generally deemed to be within the exception to discharge under § 523(a)(5). *In re Patrick,* 106 B.R. 743, 745 (Bankr.S.D.Fla.1989). This view is "based on the principle that the courts consider the same factors in awarding attorney's fees as in alimony [and support], and that the fees are intertwined with and an integral part of other nondischargeable obligations." *See id.* Yet, where a spouse is denied alimony or support, the debt for attorney's fees is dischargeable.

■ The difficulty in the present instance is that apparently the attorney fee award was not solely for legal services rendered to Ms. Kelly in obtaining a divorce and obtaining an award of child support but also for legal services performed in connection with the litigation of her claim for funds to cover her medical expenses based on her claimed genital herpes condition. Based on the decision in *Strickland, supra,* it appears that the divorce court determined that Ms. Kelly had a greater need and lesser ability to pay than did the Debtor, the trial court award for attorney fees could be properly characterized as support even assuming that the legal services were rendered not directly related to alimony, maintenance or support of spouse or child.

For this reason, based on *Strickland, supra* this Court is satisfied that the attorney fee award in this case to Ms. Kelly is an obligation which is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Susan Kelly be, and the same is hereby, granted and Ms. Kelly is entitled to a judgment in her favor declaring the debt to be nondischargeable. It is further

ORDERED, ADJUDGED AND DECREED that a separate final judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.