In re Royce Duane **WILSON, Debtor.**

**Bill Wiggins, Plaintiff,**

v.

**Royce Duane Wilson, Defendant.**

**Bankruptcy No. 8:05–bk–20676–PMG.
Adversary No. 8:06–ap–03–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 18, 2006.

---

Bill Wiggins, Tampa, FL, pro se.

Royce Duane Wilson, Tampa, FL, pro se.

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Summary Judgment filed by the Plaintiff, Bill Wiggins.

The Plaintiff, an attorney, represented the mother of the Debtor's child in a state court proceeding involving custody and support of the child. In connection with the proceeding, the Plaintiff received an award of attorney's fees in the original amount of $8,416.45.

In the adversary proceeding currently before the Court, the Plaintiff alleges that the award of attorney's fees constitutes an obligation for support within the meaning of § 523(a)(5) of the Bankruptcy Code. Consequently, the Plaintiff seeks a determination that the debt is nondischargeable in the Debtor's bankruptcy case.

## Background

On October 1, 2002, the Circuit Court for Hillsborough County, Florida entered a Final Judgment of Paternity. (Doc. 1, Complaint, Exhibit A). In the Judgment, the Court found that the Debtor was the father of Lauren E. Coleman, who was born on January 5, 2002.

Kelly A. Coleman (Coleman) is the child's mother. The Debtor and Kelly Coleman were never married.

The Circuit Court subsequently entered an Order in the paternity action that required the Debtor to make child support payments to Coleman in the amount of $1,113.67 per month commencing on December 1, 2002. (Doc. 1, Complaint, Exhibit C, p. 3).

On October 24, 2002, the Debtor filed a Petition to Establish Primary Residential Care of the Minor Child, Visitation and for Further Relief in the Circuit Court. (Doc. 1, Complaint, Exhibit B). In the Petition, the Debtor asked the Court to award him "permanent sole parental care" of the child. The Debtor also asked the Court to award him statutory child support from Coleman, and to modify the prior support order accordingly.

Coleman subsequently filed a Counter-petition to Modify Child Support and Establish Retroactive Child Support.

On January 20, 2005, the Circuit Court conducted a final evidentiary hearing on the Debtor's Petition and Coleman's Counterpetition.

On February 16, 2005, the Circuit Court entered a Final Judgment on Petition to Establish Primary Residential Care of the Minor Child, Visitation and for Further Relief and Counterpetition to Modify Child Support and Establish Retroactive Child Support. (Doc. 1. Complaint, Exhibit C). In the Final Judgment, the Court denied the Debtor's request for primary residential custody of the child, and determined that the Debtor and Coleman should have shared parental responsibility, with the child's primary residence to remain with Coleman.

The Court also required the Debtor to pay Coleman the sum of $1,133.73 per month "as and for child support for the minor child" commencing on February 1, 2005, and retroactive child support in the amount of $52.33 biweekly until the total amount of the retroactive support ($12,-319.00) was paid in full.

Finally, the Court required the Debtor to pay Coleman's attorney's fees, as follows:

8. The Petitioner shall pay the Respondent's reasonable attorney fees and costs, which have been stipulated to as reasonable by the Petitioner, in the amount of $8,416.45. These fees and costs shall be paid directly to the Respondent's counsel, Bill Wiggins Esquire, at 115 South Willow Avenue Tampa, Florida 33606 or at such future address to which the Petitioner has been given notice. These fees and costs shall be paid at the rate of $250.00 per month commencing February 1, 2005

and continuing at that rate each and every month until paid in full.

(Doc. 1, Complaint, Exhibit C, p. 3).

The Debtor did not make the monthly payments to the Plaintiff as required by the Final Judgment, and the Plaintiff filed a Motion for Contempt for Nonpayment of Attorney's Fees and Costs in the Circuit Court.

On September 26, 2005, the General Magistrate issued its Report and Recommendations on the Plaintiff's Motion for Contempt. The Magistrate determined, among other findings, that the Debtor's "average net income has been in excess of $2,000.00 every two weeks," but that the Debtor had failed to make the payments to the Plaintiff as required by the Judgment. The Magistrate also found that the Plaintiff had incurred attorney's fees and costs in the amount of $1,033.00 in connection with the Motion for Contempt. Consequently, the General Magistrate concluded that

> 2. The reasonable costs and attorney fees of respondent in bringing this motion in the amount of $1,033.00 shall be added to the balance of attorney fees and costs owed in the amount of $7,916.35 bringing the total balance owed by Petitioner to $8,949.35.

(Doc. 1, Complaint, Exhibit D, p. 3). The Circuit Court ratified and adopted the Recommendations of the General Magistrate on October 12, 2005. (Doc. 1, Complaint, Exhibit E).

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on September 30, 2005.

The Plaintiff subsequently commenced this adversary proceeding by filing a Complaint to Determine Dischargeability of Debt under 11 U.S.C. Section 523. Generally, the Plaintiff alleges that the debt owed to him by the Debtor for attorney's fees and costs, as established by the Circuit Court, constitutes an obligation for support within the meaning of § 523(a)(5) of the Bankruptcy Code, and is therefore nondischargeable in the Debtor's bankruptcy case.

The Debtor answered the Complaint, and asserted that the debt is not child support, and that the Circuit Court did not intend for the award to constitute child support. (Doc. 4).

In the Motion for Summary Judgment currently under consideration, the Plaintiff contends that there are no genuine issues of material fact, and that he is entitled to the entry of a judgment in his favor as a matter of law.

### Discussion

Section 523(a)(5) of the Bankruptcy Code, as in effect on the date that the Chapter 7 petition was filed, provides as follows:

**11 USC § 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.     .     .     .     .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

.     .     .     .     .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in

the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5). This exception to discharge reflects Congress' recognition of the public's interest in the security of the family. *In re Hendricks,* 248 B.R. 652, 655 (Bankr.M.D.Fla.2000).

■ Courts generally look to federal law to determine whether a particular obligation constitutes support within the meaning of § 523(a)(5). In construing § 523(a)(5), the Eleventh Circuit Court of Appeals has held that federal law, not state law, governs the determination of whether an obligation is maintenance or support for dischargeability purposes. *In re Omine,* 2006 WL 319162, at *4 (M.D.Fla.2006). "Because federal law, rather than state law, controls our inquiry, a domestic obligation can be deemed actually in the nature of support under § 523(a)(5) even if it is not considered 'support' under state law." *In re Strickland,* 90 F.3d 444, 446 (11th Cir.1996).

■ In applying federal law, courts in the Eleventh Circuit typically agree that the "simple inquiry" is "whether the obligation can legitimately be characterized as support, that is, whether it is in the *nature* of support." *In re Strickland,* 90 F.3d at 446(quoting *In re Harrell,* 754 F.2d 902, 906 (11th Cir.1985)(Emphasis in original)).

In *Strickland,* for example, the Eleventh Circuit determined that a debtor's court-ordered obligation to pay his former spouse's attorney's fees in a custody proceeding was an obligation for "support" under 11 U.S.C. § 523(a)(5), where the award was based on the parties' relative ability to pay. *In re Strickland,* 90 F.3d at 447.

Additionally, the Second Circuit Court of Appeals evaluated a debtor's obligation for legal fees in a case that is substantially similar to the case at bar, and found that

the debt was a nondischargeble obligation for support. *In re Maddigan,* 312 F.3d 589 (2d Cir.2002).

In *Maddigan,* the parents of a child both commenced proceedings to obtain custody of their daughter. The parents had never married. At the conclusion of the proceedings, the Family Court awarded custody to the mother, and ordered the debtor to pay the legal fees that the mother had incurred in the action. The fees were to be paid directly to her attorneys. The debtor subsequently filed a petition under Chapter 7 of the Bankruptcy Code, and the mother's attorneys filed a complaint in the Bankruptcy Court for a determination that their claim for legal fees was nondischargeable under § 523(a)(5). *In re Maddigan,* 312 F.3d at 592.

■ The Second Circuit found that three requirements must be satisfied for the debt to be nondischargeable as a support obligation.

First, the debt must be "to a spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(5). Second, the debt must be "actually in the nature of" (as opposed to simply designated as) alimony, maintenance, or support. *Id.* § 523(a)(5)(B). Third, the debt must have been incurred "in connection with a separation agreement, divorce decree or other order of a court of record." *Id.* § 523(a)(5).

*In re Maddigan,* 312 F.3d at 593. The Court found that all three elements were present in the case before it, and that the debt owed to the law firm was nondischargeable.

First, the Court determined that the custody proceeding was substantially concerned with the welfare of the child, and that the fees incurred by the mother should therefore be characterized as a debt to the child within the meaning of

§ 523(a)(5). To support its conclusion, the Court relied on the legislative history to § 523(a)(5), which reflects congressional intent to address support obligations arising from non-marital relationships. *Id.* at 594. Further, according to the Second Circuit, the fact that the debt was payable to the mother's attorneys did not alter its characterization as a debt owed to the child. *Id.* at 593. ·

Second, the Court determined that the debt to the mother's attorneys was "in the nature of support" for the child. In reaching this conclusion, the Second Circuit found that the decision to order the debtor to pay the mother's legal fees had been based on the parties' relative income, assets, ability to pay, and other "factors of support." *Id.* at 595. Given this analysis, together with the strong public policy in favor of enforcing family obligations, the Court found that the obligation was in the nature of support, even though the Family Court had not designated the award as support, and even though the issue in the Family Court primarily involved custody matters rather than support. *Id.* at 595–96.

Third, the Court found that the debt to the mother's attorneys was incurred in connection with an order of a court of record because it was awarded by the Family Court in a custody proceeding. *Id.* at 597.

Since all of the requirements for nondischargeability under § 523(a)(5) were satisfied, the Second Circuit determined that the debt owed by the debtor to the mother's attorneys was a nondischargeable obligation for support within the meaning of that section.

For additional decisions under § 523(a)(5), see *In re Lowther,* 321 F.3d 946, 948–49 (10th Cir.2002)(The term "support" generally includes obligations to pay attorney's fees incurred in a custody dis-

pute.); *In re Hudson,* 107 F.3d 355, 357 (5th Cir.1997)(Attorney's fees awarded in child support litigation are nondischargeable under § 523(a)(5) because "the ultimate purpose of such a proceeding is to provide support for the child."); *In re Foster,* 292 B.R. 221 (Bankr.M.D.Fla. 2003)(An award of attorney's fees was nondischargeable support); and *In re Lombardo,* 224 B.R. 774 (Bankr.S.D.Cal. 1998)(An award of attorney's fees in a paternity action was nondischargeable child support).

## Application

■ In this case, the Court finds that the debt owed by the Debtor to the Plaintiff is nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

The debt arises from a paternity action in which the Debtor was determined to be the father of Lauren Coleman. (Doc. 1, Complaint, Exhibit A).

Following the entry of the Final Judgment of Paternity, the Debtor filed a Petition for custody of the child, and for support from the child's mother. The child's mother (Coleman) counterpetitioned for modification of the child support obligation that had been ordered in the paternity action.

On February 16, 2005, the Circuit Court entered a Final Judgment that resolved the Debtor's Petition for custody and support, and Coleman's Counterpetition for support. The Final Judgment determined all of the issues involving custody of the child, and expressly required the Debtor to make periodic payments to Coleman "as and for child support for the minor child." (Doc. 1, Complaint, Exhibit C, p. 2). The Final Judgment also required the Debtor to make bi-weekly payments to Coleman as retroactive child support.

Finally, the Final Judgment required the Debtor to pay the legal fees that were

owed to the Plaintiff as a result of his representation of Coleman in the proceeding to determine custody and support.

The Plaintiff asserts that the Circuit Court based its award of legal fees on the parties' income and ability to pay:

> 6. On January 28, 2005, following the trial of the consolidated cases referenced above, Circuit Judge Manuel Lopez made a finding that the father (Defendant herein) had a gross income of $7,269.00 and the mother had a gross income of $2,005.00 and that the father (Defendant herein) clearly had the ability to pay attorney's fees.

(Doc. 13, p. 5). In this regard, the Plaintiff also represented to this Court that the Circuit Court "made a finding that Mr. Wilson's income was more than three times that of Miss Coleman and that he had the ability to pay the attorney's fees." (Transcript, p. 4).

The transcript of the Circuit Court's ruling is not in the record before this Court. (See Doc. 1, Complaint, Exhibit C, p. 1). Nevertheless, the Debtor has acknowledged that the Circuit Court "made a specific finding that the Debtor had the ability to pay the mother's attorney fees in the trial court." (Doc. 7, Joint Pretrial Statement, Statement of All Admitted or Uncontested Facts, p. 6).

Given these circumstances, and also given the authorities discussed above, the Court finds that the debt owed by the Debtor to the Plaintiff is a debt to a child of the Debtor, that the debt is in the nature of child support, and that the debt was incurred in connection with an order of a court of record. Accordingly, the debt is/s/ Paul M. Glenn nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

█ Finally, the nondischargeable obligation includes the amount awarded to the Plaintiff as a result of the contempt proceeding that he initiated to collect the original debt. *In re Sinewitz,* 166 B.R. 786, 788 (Bankr.D.Mass.1994)(Attorney's fees awarded in a contempt action were ancillary to the primary obligation for child support and therefore nondischargeable.)

## Conclusion

The Plaintiff, an attorney, commenced this action by filing a Complaint to determine the nondischargeability of a debt owed to him by the Debtor. The debt constitutes legal fees awarded to the Plaintiff following a child custody and support proceeding. The Plaintiff represented the mother of the Debtor's child.

The Court finds that the obligation is a debt to a child of the Debtor, is in the nature of support, and was awarded in connection with an order of a court of record. Consequently, the obligation is nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that:

1. The debt owed to the Plaintiff, Bill Wiggins, by the Debtor, Royce Duane Wilson, as evidenced by the Final Judgment entered by the Circuit Court for Hillsborough County on February 16, 2005, in the consolidated cases of *Wilson, Petitioner, and Coleman, Respondent,* Case No. 02 017736, and *State Department of Revenue v. Wilson,* Case No.2002–DR–16043, is nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

2. A separate Final Judgment will be entered consistent with this Order.