**In re Michael Keith BLACKWELL, II, Debtor(s)**

**Robert J. Coleman, Plaintiff**

**v.**

**Michael Keith Blackwell, II, Defendant.**

**Bankruptcy No. 9:09–bk–17758–ALP.
Adversary No. 9:09–ap–00779–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

May 13, 2010.

Robert J. Coleman, Coleman & Coleman, Fort Myers, FL, pro se.

Michael Keith Blackwell, II, North Fort Myers, FL, pro se.

***ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 14); PLAINTIFF COLEMAN'S MOTION TO TAKE JUDICIAL NOTICE (Doc. No. 15); and DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 19)***

ALEXANDER L. PASKAY,
Bankruptcy Judge.

**THIS CAUSE** came on for consideration at a duly scheduled hearing to consider: (1) Plaintiff's Motion for Summary Judgment (Doc. No. 14); (2) Plaintiff Coleman's Motion to Take Judicial Notice (Doc. No. 15), and (3) Defendant's Motion for Summary Judgment (Doc. No. 19) filed in the above-captioned Adversary Proceeding.

In his Complaint, Robert J. Coleman (Plaintiff) contends that he is a creditor of the Debtor and is the holder of an unsecured claim in the amount of $9,551.84, which includes interest due as of October 20, 2009. This debt arises from the dissolution of marriage action of Michael Keith Blackwell, II (Defendant) in State Court and is the sum of three separate State Court Orders awarding attorney's fees to the Plaintiff from the Defendant in representing the Defendant's former wife.

In his Motion for Summary Judgment, the Plaintiff seeks to have his claim against the Defendant excepted from the discharge of the Debtor pursuant to Sections 523(a)(5) and 727(sic) as debts due as a contribution to the Defendant's Former Wife's attorney's fees treated as domestic support.

In his Motion for Summary Judgment, the Plaintiff contends that, based on the record, there are no genuine issues of material fact, the facts relevant to the claim of nondischargeability are without dispute and, applying the legal principles which govern the exceptions to general discharge pursuant to Section 523(a)(5) of the Bankruptcy Code,[1] he is entitled to Summary Judgment as a matter of law.

The Defendant in his Motion for Summary Judgment contends that the entire action is without legal basis since the Plaintiff is representing himself and the proceeding, as filed, is without the consent of the Defendant's former spouse and, therefore, the amount sought by the Plaintiff is not a domestic support obligation. The Defendant further contends that the Judgments and/or Orders the Plaintiff is

---

1. Unless otherwise indicated, all references to the Code or to "sections" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. Furthermore, all references to "rules" are to the Federal Rules of Bankruptcy Procedure Fed. R.Bankr.P. 1001–9025.

claiming as "exemptible" (sic) are not in the nature of support thus, it is a direct violation of Section 101(14A) and (B) of the Code. In addition, the Defendant contends that the Plaintiff has failed to show by the preponderance of evidence that these debts are exemptible or that they are domestic support obligations in that they are for the direct benefit of the Plaintiff and not the Defendant's former spouse. However, it should be noted at the outset that the Defendant in his Motion for Summary Judgment fails to allege that there are no genuine issues of material fact and that he is entitled to Summary Judgment as a matter of law.

The Motions for Summary Judgment were duly scheduled for hearing, together with Plaintiff Coleman's Motion to Take Judicial Notice, at which time this Court considered the record and heard argument of counsel for the respective parties.

This Court is satisfied that it is appropriate to grant the Plaintiff's Motion to Take Judicial Notice of the documents from the Debtor's Dissolution of Marriage case in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Civil Action, Case No. 06–DR 003573 N, which consist of the following:

Exhibit A: Corrected Amended Final Judgment of Dissolution of Marriage, Entered on September 5, 2007, by the Hon. R. Thomas Corbin, Circuit Judge

Exhibit B: Supplemental Final Judgment on Attorney's Fees, Entered on November 27, 2007, by the Hon. John S. Carlin, Circuit Judge

Exhibit C: Order (on Former Wife's Motion for Contempt and Former Husband' Motions for Contempt and for Relief), entered on December 20, 2007, by the Hon. John S. Carlin, Circuit Judge

Exhibit D: Order on Former Wife's Amended Motion for Contempt or to Enforce Order Requiring former Husband to Pay Mortgage Fees as Well as Corrected Final Judgment and Order Pertaining to Insurance, entered on May 28, 2008, by the Hon. Keith Kyle, Circuit Judge

Exhibit E: Order Awarding Attorney's Fees and Costs on Former Wife's Motion for Attorney's Fees Pursuant to Contempt and Emergency Motion Orders, entered on August 26, 2008, by the Hon. John W. Dommerich, Circuit Judge

Exhibit F: Order Awarding Appellate Attorney's Fees, entered on April 8, 2009, by the Hon. James Shenko, Circuit Judge

Exhibit G: Order on Former Wife's Motion to Strike and for Attorney's Fees, entered on July 3, 2009, by the Hon. James Shenko, Circuit Judge

The following facts and circumstances are relevant to the resolution of the matters under consideration. The Defendant filed his Voluntary Petition for Relief pursuant to Chapter 7 of the Bankruptcy Code on August 13, 2009. On the same date, the Defendant filed his schedule of assets and liabilities. The Defendant identified the Plaintiff as an unsecured creditor in his Schedule F—Creditors Holding Unsecured Nonpriority Claims—and listed the Plaintiff's claim in the amount of $5,153.00 as contingent, unliquidated and disputed.

Prior to filing his Petition for Relief under Chapter 7 of the Code the Defendant and his former wife, Amy Lynn Kurz, f/k/a Amy Lynn Blackwell, filed their Petition for Dissolution of Marriage in the Twentieth Judicial Circuit in and for Lee County, Florida (State Court). The Dissolution of Marriage action is entitled *Michael Keith Blackwell, II v. Amy Lynn*

*Kurz, f/k/a Amy Lynn Blackwell,* case number 06–DR–003573. The marriage of the Defendant and his former wife was dissolved by a Final Decree entered on July 5, 2007.

On September 5, 2007, the State Court entered a Corrected Amended Final Judgment of Dissolution of Marriage. (Corrected Amended Final Judgment) In paragraph 2.8 of the Corrected Amended Final Judgment, the State Court reserved jurisdiction "to consider the former wife's claims for attorney's fees and costs, both entitlement and amount...." (See Plaintiff Coleman's Motion to Take Judicial Notice, Exhibit A, Doc. No. 15)

On November 27, 2007, the State Court entered its Supplemental Final Judgment on Attorney's Fees (Supplemental Judgment) pursuant to its reservation of jurisdiction contained in the Final Judgment of Dissolution of Marriage entered on July 5, 2007, and renewed in the Corrected Amended Final Judgment entered on September 6, 2007. The State Court determined that a reasonable attorney's fee of $14,130.00 was to be awarded for representation of the former wife in the action for dissolution of marriage. The State Court found that the Defendant had "the ability to pay the fees, and the hourly rate and time expended by Former Wife's counsel are reasonable." Based on the foregoing, the State Court ordered the Defendant to pay "the sum of $14,130.00 for attorney's along with –0–taxable costs making a total due Former Wife of $14,130.00, that shall bear interest at the legal rate per annum, for which let execution issue." (See Plaintiff Coleman's Motion to Take Judicial Notice, Exhibit B, Doc. No. 15).

On December 20, 2007, the State Court entered an Order on the Former Wife's Motion for Contempt and former Husband's Motions for Contempt and for Relief." This controversy involved mortgage payments on the former marital residence. In its Order resolving this matter, the State Court ordered, among other things, that the Defendant shall be solely responsible for paying "any and all accrued late fees, attorneys' fee, interest, and the like, resulting from the default on the first mortgage." The State Court also reserved jurisdiction on the Former Wife's claim for attorney's fees for her Motion for Contempt. (See Plaintiff Coleman's Motion to Take Judicial Notice, Exhibit C, Doc. No. 15).

On May 28, 2008, the State Court entered an Order on Former Wife's Amended Motion for Contempt or to Enforce Order Requiring Former Husband to Pay Mortgage Fees as well as Corrected Final Judgment and Order Pertaining to Insurance. (Contempt Order). The State Court found the Defendant "in direct civil contempt of court for failure to comply with the Amended Corrected Final Judgment and Judge Carlin's December 2007 Order." In addition, the State Court found that the Defendant "engaged in activity ... that resulted in late fees and interest for which Former Wife should not be held responsible" and reserved ruling on the entitlement to attorney's fees. The State Court in paragraph 17 of the Contempt Order determined that it "believes that an award of attorneys' fees for Former Wife is appropriate, subject to argument and testimony to the reasonableness of the fees and Former Husband's ability to pay." (See Plaintiff Coleman's Motion to Take Judicial Notice, Exhibit D, Doc. No. 15).

On August 26, 2008, as a result of additional disputes between the parties, the State Court entered its Order Awarding Attorney's Fees and Costs on Former Wife's Motion for Attorney's Fees Pursuant to Contempt and Emergency Motion Orders (Order Awarding Attorney's Fees

and Cost). In the Order Awarding Attorney's Fees and Costs, Judge John Dommerich concluded that "Former Husband has the ability to pay the fees and costs, and the award is justified pursuant to Section 61.16, Florida Statutes, and the contempt powers of the Court, as well as the **Wrona** and **Rosen** Line of cases for unnecessary litigation by Former Husband." In the Order, the Judge further ruled that counsel for the Former Wife was entitled to recover from the Defendant attorney's fees and taxable costs in the total amount of $3,380.75 and that the Defendant was to pay the $3,380.75 (plus interest) directly to the Plaintiff. (See Plaintiff Coleman's Motion to Take Judicial Notice, Exhibit E, Doc. No. 15).

The Defendant appealed the Supplemental Judgment entered on November 27, 2007, to the Florida Second District Court of Appeals. The Appellate Court rejected his contentions. The Appellate Court remanded the matter back to the State Court for determination of the Former Wife's entitlement to appellate attorney's fees. It should be noted that the original $14,130.00 Supplemental Judgment was paid because the Defendant had posted a supersedeas bond for the appeal.

On April 8, 2009, the State Court entered its Order Awarding Appellate Attorney's Fees. (Order Awarding Fees) In its Order Awarding Fees, the State Court determined that the "Former Wife is entitled to an award of appellate attorney's fees" to be paid by the Defendant and that the Defendant had "the present ability to paid said fees...." The State Court further ruled that the fees awarded were "reasonable and necessary and the hourly rate and time expended by Former Wife's counsel likewise are determined to be reasonable and necessary" and ordered the Defendant to pay directly to the Plaintiff

the total sum of $5,152.50, plus interest at the legal rate of interest per annum.

Based on the April 8, 2009, Order Awarding Fees being entered, the Defendant filed with the State Court a motion for rehearing together with additional motions. In response, the Former Wife filed her Motion to Strike and for Attorney's Fees. On July 3, 2009, the State Court entered its Order granting the Motion to Strike and ordered the Defendant to pay to the Plaintiff within thirty (30) days of the date of the hearing, the total sum of $337.50 as attorney's fees in connection with his representation of the Defendant's Former Wife on the Defendant's Motion for Rehearing. (See Plaintiff Coleman's Motion to Take Judicial Notice, Exhibit G, Doc. No. 15)

Based on the foregoing, the Plaintiff contends that the Defendant has failed to pay the August 28, 2008, award in the amount of $3,380.75; the April 9, 2009, award in the amount of $5,152.50; or the July 8, 2009, award in the amount of $337.50, and that the Defendant is indebted to the Plaintiff in the total sum of $8,870.75, plus interest. This is the amount sought by the Plaintiff to be excepted from the overall protection of the general bankruptcy discharge pursuant to § 523(a)(5) which provides as follows:

### § 523. Exceptions to Discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title, does not discharge an individual debtor from any debt ...

(5) for a domestic support obligation ...

11 U.S.C. § 523(a)(5).

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is enti-

tled to judgment as a matter of law" *Imaging Bus. Mach., LLC. v. BancTec, Inc.,* 459 F.3d 1186, 1189 (11th Cir.2006) (citing Fed.R.Civ.P. 56(c)). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, Rule 56(c) mandates the entry of Summary Judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hilburn v. Murata Elecs. North Am., Inc.,* 181 F.3d 1220, 1225 (11th Cir.1999). While courts may view evidence in the light most favorable to the non-movant, they need not allow a case to proceed to a jury based upon implausible inferences. *Cuesta v. School Board of Miami–Dade County,* 285 F.3d 962, 970 (11th Cir.2002). The purpose of summary judgment is to determine if there are genuine issues for trial and for the moving party to demonstrate that it is entitled to judgment as a matter of law. *Banco Latino Int'l v. Lopez,* 95 F.Supp.2d 1327, 1332 (S.D.Fla.2000); *Mulhall v. Advance Sec., Inc.,* 19 F.3d 586, 590 (11th Cir.1994). To defeat a motion for summary judgment, the non-moving party must do more than simply show that there is some doubt as to the fact of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has satisfied its burden of proof, the party opposing the motion for summary judgment must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed facts to defeat the motion. Moreover, the non-moving party must demonstrate that the moving party is not entitled to judgment as a matter of law *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

▮ In Florida the award of attorney fees and costs is routine and is based on a specific statute, Florida Statute chapter 61.16, provides in pertinent part:

**61.16 Attorney's fees, suit money, and costs.—**

(1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals. In those cases in which an action is brought for enforcement and the court finds that the noncompliant party is without justification in the refusal to follow a court order, the court may not award attorney's fees, suit money, and costs to the noncompliant party.... The trial court shall have continuing jurisdiction to make temporary attorney's fees and costs awards reasonably necessary to prosecute or defend an appeal on the same basis and criteria as though the matter were pending before it at the trial level. *In all cases, the court may order that the amount be paid directly to the attorney, who may enforce the order in that attorney's name.* In determining whether to make attorney's fees and costs awards at the appellate level, the court shall primarily consider the relative financial resources of the parties, unless an appellate party's cause is deemed to be frivolous....

(2) In an action brought pursuant to Rule 3.840, Florida Rules of Criminal Procedure, whether denominated direct or indirect criminal contempt, the court shall have authority to:

. . .

(b) Assess attorney's fees and costs against the contemptor after the court makes a determination of the con-

temptor's ability to pay such costs and fees.

(c) Order that the amount be paid directly to the attorney, who may enforce the order in his or her name.

FLA. STAT. ch. 61.19 (2009) (emphasis added).

▬ Accordingly, there is no change in the legal character of the award just because, under the statute, the award is now made directly to the former wife's attorney and not to the former wife. *See Simkins v. Simkins,* 249 So.2d 444 (Fla. Dist.Ct.App.3d 1971); *accord Cohen v. Dutton,* (M.D.Fla.1974) (not generally reported). The dischargeability of an expense incident to the enforcement of an underlying obligation, including court-ordered attorney fees, depends on whether or not the underlying debt is dischargeable. If they were awarded on the same basis as the award of support, they are nondischargeable. *See In re Walden,* (S.D.Fla.1973) (not generally reported).

While the Code defines "domestic support obligation" in Section 101(14A), it does not deal with attorney's fees payable to the wife as part of the general domestic support obligation.

▬ It is well established that whether a particular obligation imposed on a spouse in connection with the dissolution of marriage is dischargeable depends on whether or not the obligation is in fact actually in the nature of alimony, maintenance or support. This, in turn, must be determined with reference to federal bankruptcy law and not state law. *In re Harrell,* 754 F.2d 902, 904 (11th Cir.1985); *In re Aguero,* 118 B.R. 874, 876 (Bkrtcy.M.D.Fla.1990). In the present instance the obligation sought to be excepted from the discharge is not an award made to the former wife for alimony, maintenance or support, but an award made to an attorney representing the non-debtor spouse for services rendered to her in connection with post-judgment proceedings. Although at times argument has been made and the proposition was at times accepted that an award of attorneys fees in connection with a divorce is not in the nature of actual support thus dischargeable, the fact the award is made to an attorney is no longer relevant and it is now well established that there is no impediment to assert a claim of nondischargeability just because the attorney fee award was made directly to the attorney and not to the former spouse. *In re Brown,* 177 B.R. 116 (Bkrtcy.M.D.Fla. 1994); *In re Aughenbaugh,* 119 B.R. 861 (Bkrtcy.M.D.Fla.1990).

▬ The precise question was considered by the Eleventh Circuit Court of Appeals in the case of *In re Strickland,* 90 F.3d 444 (11th Cir.1996). In *Strickland* Judge Barkett, speaking for the Court, held that even though what is in the nature of actual support is a matter of federal law rather than state law, state law does provide guidance in determining whether the obligation should be considered in the nature of support under § 523(a)(5), citing *In re Jones,* 9 F.3d 878, 880 (10th Cir. 1993). In the present instance, just like in *Strickland,* the litigation involved a post-judgment dispute between the debtor and his former spouse. In *Strickland* the husband sought a modification of the Final Decree designating his home as the principal residence of the child and also to reallocate the child support obligations. The Court, relying on Fla. Stat. § 61.16(1) (1993) and citing the case of *Hyatt v. Hyatt,* 672 So.2d 74, 76 (Fla.Dist.Ct.App. 1996), concluded that the question depends on the relative need and the ability of the party to pay. The Court noted that in awarding attorneys fees to a former spouse the state court in fact determined that she had a greater need and/or less ability to pay than did the debtor thus the award of attorneys fees was legitimately characterized as support.

Based on *Strickland* this Court is satisfied that this record leaves no doubt that all the legal services rendered by the Plaintiff to the Defendant's Former Wife were directly related to the Defendant's failure to comply with the State Court orders in connection the dissolution of marriage. Therefore, under *Strickland,* the debt owed by the Defendant to the Plaintiff should be excepted from the general discharge.

Having concluded that there are no genuine issues of material fact, the Plaintiff's Motion for Summary Judgment should be granted and the Defendant's Motion for Summary Judgment should be denied. Thus, Robert J Coleman, is entitled to a declaration that the legal fees awarded in the amount of $8,870.75, plus interest are, in fact, in the nature of support and, therefore, nondischargeable.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Plaintiff's Motion to Take Judicial Notice (Doc. No. 15) be, and the same is hereby, granted.

ORDERED, ADJUDGED AND DE-CREED that the Plaintiffs Motion for Summary Judgment (Doc. No. 14) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the debt owed by the Debtor, Michael Keith Blackwell, II, to Plaintiff Robert J. Coleman as evidenced by the Orders entered by the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, in Case No. 06–DR–003573 (1) on August 28, 2008, in the amount of $3,380.75 (plus interest); (2) on April 8, 2009, in the amount of $5,152.50 (plus interest); (3) on July 8, 2009, in the amount of $337.50 (plus interest), are non-dischargeable in the Debtor's Chapter 7 case pursuant to Section 523(a)(5) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DE-CREED that the Defendant's Motion for Summary Judgment (Doc. No. 19) be, and the same is hereby, denied.

A separate Final Summary Judgment in favor of the Plaintiff and against the Debtor will be entered in accordance with the foregoing.