[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12284
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 26, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:10-cv-81569-KAM,
BKCY No. 9:09-bkc-35783-EPK

In Re: TODD BENSON,

                                                                Debtor.

_____

TODD BENSON,

                                                     Plaintiff–Appellant,

                              versus

SALLY BENSON,

                                                    Defendant–Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 26, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

When Sally and Todd Benson divorced, they agreed that Todd would pay the mortgage on their home, which Sally would keep.[1]  Eventually Todd stopped making mortgage payments.  Shortly thereafter, he declared bankruptcy and sought to discharge his obligations under the property settlement agreement they made when they divorced.  Sally objected and argued that the mortgage payments were a non-dischargeable domestic support obligation.  Both the bankruptcy court and the district court agreed with Sally. Todd appeals.  Because we also conclude that the mortgage payments are non-dischargeable, we affirm.

In a Chapter 13 bankruptcy, a debtor can discharge most of his debts after he completes his bankruptcy plan payments.  11 U.S.C. § 1328.  But among the debts that cannot be discharged are domestic support obligations.  A domestic support obligation is a debt owed to a former spouse that was incurred as a result of a property settlement agreement that is "*in the nature of* alimony, maintenance, or support . . . [of that former spouse] *without regard to whether such debt is expressly so designated*."  11 U.S.C. § 101(14A) (emphasis added); *see also id.* § 523(a)(5) .  We must decide whether the bankruptcy court correctly found that the mortgage payments Todd was obligated to make under the property settlement

---

[1]  Because the parties here share a last name, we refer to them by their first names for the sake of clarity.

agreement were domestic support obligations.[2]

In making this determination, a court should look beyond the label the parties have given to a particular debt and determine whether the debt is actually in the nature of alimony or support. *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001). Thus, a debt is a domestic support obligation if the parties intended it to function as support or alimony, even if they called it something else. *Id.* The court's decision should also be informed by state law. *Id.* But there are other factors a court should consider as well. They include: (1) the agreement's language; (2) the parties' financial positions when the agreement was made; (3) the amount of the division; (4) whether the obligation ends upon death or remarriage of the beneficiary; (5) the frequency and number of payments; (6) whether the agreement waives other support rights; (7) whether the obligation can be modified or enforced in state court; and finally (8) how the obligation is treated for tax purposes. *In re McCollum*, 415 B.R. 625, 631 (Bankr. M.D. Ga. 2009).

Here the agreement supports Sally's contention that the parties intended the mortgage payments to be a domestic support obligation. Although in the

---

[2] Todd argues that the district court applied the wrong standard of review, but even though he is right, the district court's error does not affect our review of this appeal. That is because we do not review the district court's decision, but rather review the bankruptcy court's order *de novo*. *In re Mitchell*, 633 F.3d 1319, 1326 (11th Cir. 2011). And whether a pre-petition debt is a domestic support obligation is a legal conclusion that we review *de novo*. *In re Strickland*, 90 F.3d 444, 446 (11th Cir. 1996).

agreement Sally waived any right to claim alimony, she did so in consideration for the benefits she received in the agreement. The agreement also required Todd to maintain life insurance that would be sufficient to cover his mortgage obligation. Furthermore, Sally agreed to let Todd claim a tax exemption for their minor children as long as he continued paying the mortgage, which made the payments appear to be child support.[3] And when Todd failed to pay the mortgage, he was found in contempt in state court. Last, we note that Todd testified that at the time the agreement was made Sally had not been working outside the home for at least a decade.

Based on the agreement itself, the state contempt proceedings, and Todd's testimony, we conclude that the bankruptcy court correctly found that the mortgage payments were non-dischargeable domestic support obligations.[4]

**AFFIRMED.**

---

[3] Although Todd argued in the district court that the pre-petition debt was intended to be a form of child support, the bankruptcy court also found that it was "in the nature of alimony," accordingly it does not affect our conclusion that the debt was non-dischargeable.

[4] Both parties' motions for sanctions are denied.